## MISSISSIPPI POWER CO. v. CITY OF ABERDEEN et al.

District Court, N. D. Mississippi, E. D.
June 5, 1935.

Wilbourn, Miller & Wilbourn, of Meridian, Miss., Leftwich & Tubb, of Aberdeen, Miss., and Eaton & Eaton, of Gulfport, Miss., for plaintiff.

D. W. Houston, Sr. and Jr., of Aberdeen, Miss., for defendants.

COX, District Judge.

The mayor and board of aldermen of the city of Aberdeen, Miss., on February 23, 1935, adopted an ordinance prescribing maximum rates to be charged by the Mississippi Power Company within the city of Aberdeen. The Mississippi Power Company is a public utility corporation engaged in the distribution and sale of electricity. This ordinance was adopted by virtue of the authority granted to municipalities in Mississippi by section 2426, Mississippi Code of 1930.

On March 19, 1935, the Power Company filed a bill in the United States District Court seeking to enjoin enforcement of the ordinance of February 23d on numerous grounds, among them being the allegation that the · rates prescribed therein are confiscatory and in violation of the Fourteenth Amendment to the Constitution of the United States.

The city moves to dismiss the bill on the ground that the Johnson Act deprives the United States District Court of jurisdiction in this class. of cases. Section 2426, Mississippi Code of 1930, empowers municipalities "to prescribe by ordinance maximum rates and charges for the supply of water, gas and electric energy or current for lights and power, or either,́ furnished by an individual, company or corporation to the municipality and its inhabitants, or either, such rates and charges to be just and reasonable. If the rates and charges prescribed be unjust and unreasonable, they may be reviewed and determined by the chancery court of the county, but the authority hereby granted shall not be construed so as to impair the effect or obligation of any valid or binding contract with any water works company, electric light company, or gas company, now existing or heretofore made."

The Johnson Act, being the amendment of May 14, 1934 (section 1, 28 USCA § 41 (1), to paragraph 1 of section 24 of the Judicial Code, provides that "No district court shall have jurisdiction of any suit to enjoin, suspend, or restrain the enforcement, operation, or execution of any order of an administrative board or commission of a State, * * * or restrain any action in compliance with any such order, where jurisdiction is based

solely upon the ground of diversity of citizenship, or the repugnance of such order to the Constitution of the United States, where such order (1) affects rates chargeable by a public utility, (2) does not interfere with interstate commerce, and (3) has been made after reasonable notice and hearing, and where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State."

The jurisdiction of the United States District Court is sought in the original bill in this case on diversity of citizenship, the Power Company being a nonresident corporation, and on the repugnance of the Ordinance of February 23d, to the Constitution of the United States.

In the case of Mississippi Power & Light Company v. City of Jackson decided by District Judge Holmes in January, 1935, and reported in Federal Supplement 9, at page 564, 566, he uses this language in regard to this legislation: "That act is amendatory of the first paragraph of section 24 of the Judicial Code, and carves out of the prior grant of jurisdiction to the District Courts, a specific class of cases falling within a designated category." With this statement I fully agree, and it thus becomes necessary to determine whether the case at bar falls within the "designated category."

Before a case falls within this designated category, four propositions must appear: First, the order sought to be enjoined must affect rates chargeable by a public utility. Second, the order must not interfere with interstate commerce. Third, the order must have been made after reasonable notice and hearing. Fourth, a plain, speedy, and efficient remedy must be available at law or in equity in the courts of the state.

In determining the instant case we must now consider whether orders passed pursuant to section 2426, Mississippi Code of 1930, meet these four conditions. If these four conditions are met, this court is deprived of jurisdiction. If they are not, this case does not fall within the "designated category" and this court must retain jurisdiction. This is a question which the District Court must determine for itself, and while it must give due consideration to decisions of the state courts touching the construction of section 2426 of the Mississippi Code, it must decide for itself the question of its own jurisdiction.

■ The ordinance clearly affects rates chargeable by a public utility. That the ordinance does not affect interstate commerce is in the court's opinion settled by the following cases: East Ohio Gas Co. v. Tax Commission et al., 283 U. S. 465, 51 S. Ct. 499, 75 L. Ed. 1171; South Carolina Power Company v. South Carolina Tax Commission (D. C.) 52 F.(2d) 515.

We are thus brought to a consideration of the question as to whether the ordinance in question was enacted "after reasonable notice and hearing" and whether "a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State."

■ These two questions will be considered in reverse order. Whether the review in the chancery court, as provided in section 2426 of the Mississippi Code of 1930, provides such a remedy, is not a question which need be decided, for it cannot be controverted that under its general equity power the chancery court in Mississippi can enjoin the enforcement of a confiscatory rate and can afford to the plaintiff in this case all the relief which any court of equity can give. Fitzhugh v. City of Jackson, 132 Miss. 585, 97 So. 190, 33 A. L. R. 279.

We then pass to a consideration of the remaining condition, which must be met before the District Court is without jurisdiction: That being the question whether the ordinance was adopted after "reasonable notice and hearing."

■ The mayor and board of aldermen did give notice and a hearing was had at which the Power Company appeared. In Mississippi Power & Light Company v. City of Jackson, supra, the court seems to have taken the position that this is sufficient, and that while the notice and hearing were mere matters of grace, still this was all the Johnson Act required, and in that case the court refused jurisdiction. With this view I am unable to agree. In my judgment the clause in the Johnson Act, "has been made after reasonable notice and hearing," means after reasonable notice and hearing guaranteed by law, and not such notice and hearing as might be given by grace or caprice. Section 2426 of the Mississippi Code provides for no notice, nor does it make any provision for a hearing, nor

set up any machinery for a reasonable hearing. No power is given to the mayor and board of aldermen to summon witnesses or to compel their attendance, to compel the production of documents, nor in fact to do any of the many things necessary for a *reasonable* hearing; and whether the adjective *reasonable* in the Johnson act modifies *hearing* as well as *notice* is not material, since a hearing in the sense used here implies that it be reasonable.

Provisions for these things are not in the statute expressly and, if there, must be by implication, and some court must write them in and extend the bad practice of judicial legislation. The Supreme Court of Mississippi has not construed section 2426; but fortunately that court has spoken on the subject in no uncertain terms in Bouslog v. City of Gulfport, 112 Miss. 184, 72 So. 896, 898. In this case the Mississippi Supreme Court was considering chapter 128, Laws 1916 of the State of Mississippi, and held it unconstitutional because the statute made no provision for notice and hearing and in so doing used this language: "If we hold that the act in question gives the power by necessary implication, then this court plainly and manifestly will be guilty of judicial legislation. It will be necessary for us to supply or interpolate into the act a vital and necessary element. And when we do so, what kind of notice will the board or the court supply?" And again: "A notice which is not authorized by this statute or any other general provision of law could not be classed as a legal notice. It would be a self-provised, home made product, without the sanction of the Legislature and without uniformity." Strong words these, but applicable in all their force to section 2426.

Thus we see that under the rule laid down by the court of last resort in the state we cannot by implication supply that vital provision for notice and hearing which the Legislature did not expressly give.

No notice or hearing being provided for either expressly or by implication in section 2426, does a notice and hearing given by grace or as a matter of courtesy meet the requirements of the Johnson Act? The answer is, "No." Before a person may be deprived of life, liberty, or property, it must be done on the strength of something more substantial, more certain, more reliable than grace. It must be by due process of law; and due process of law cannot be measured by the whim of the municipal boards of a hundred towns and cities from Corinth to the Gulf.

"It is not enough that the owners may by chance have notice, or that they may as a matter of favor have a hearing. The law must require notice to them, and give them the right to a hearing and an opportunity to be heard." Stuart v. Palmer, 74 N. Y. 183, 188, 30 Am. Rep. 289.

"If the statute did not provide for a notice in any form, it is not material that, as a matter of grace or favor, notice may have been given of the proposed assessment. It is not what notice, uncalled for by the statute, the taxpayer may have received in a particular case, that is material, but the question is whether any notice is provided for by the statute." Security Trust & Safety Vault Co. v. Lexington, 203 U. S. 323, 27 S. Ct. 87, 89, 51 L. Ed. 204. Extra official or casual notice of a hearing granted as a matter of favor or discretion cannot be deemed a substantial substitute for the due process of law the Constitution requires. Coe v. Armour Fertilizer Works, 237 U. S. 413, 35 S. Ct. 625, 59 L. Ed. 1027; Central of G. R. Co. v. Wright, 207 U. S. 127, 28 S. Ct. 47, 52 L. Ed. 134, 12 Ann. Cas. 463; Louisville & N. R. Co. v. Central Stock Yards Co., 212 U. S. 132, 29 S. Ct. 246, 53 L. Ed. 441; State ex rel. Redman v. Meyers, 65 Mont. 124, 210 P. 1064; Chicago, M. & St. P. R. Co. v. Board of Railroad Commissioners, 76 Mont. 305, 247 P. 162.

In the court's opinion the failure of the statute to provide for notice and hearing prevents this case from falling within the "designated category" above referred to. The Johnson Act does not apply. The motion to dismiss will be overruled.

In conclusion the court desires to say: "We have been discussing the character of the statute, not the actions of the board. It is fair to say the board was duly mindful of the necessity of notice and hearing."