## EAST OHIO GAS CO. v. CITY OF CLEVELAND.

### No. 5594.

District Court, N. D. Ohio, E. D.

June 22, 1937.

W. B. Cockley (of Tolles, Hogsett & Ginn), of Cleveland, Ohio, for plaintiff.

Alfred Clum, Director of Law, and Henry S. Brainard, 1st Asst. Director of Law, both of Cleveland, Ohio, for defendant.

WEST, District Judge.

For several years gas rates fixed by city ordinance, approximating 57¢ per M. c. f., have prevailed in Cleveland. The ordinance

966

expired June 1, 1936. Unsuccessful negotiations for new rates continued through the remainder of that year, and four short term or stop-gap ordinances were passed, each of which named the same rates averaging 57 cents. The last of these, #105,897, was adopted February 15, 1937 to expire July 1, 1937. On May 4 plaintiff filed its bill to enjoin enforcement of this ordinance on the ground that its average rate is confiscatory and that operation thereunder results in daily confiscation of plaintiff's property for which relief is not available under the provisions of the statutes relating to public utility rates.

On May 20 and before any action was taken by the court, the city passed another ordinance, #106,556, to take effect July 1, 1937 and run for two years, reducing the rates to an average of approximately 55¢ per M. c. f.; and plaintiff promptly filed its supplemental bill to enjoin this ordinance as confiscatory and renewed its prayer contained in the original bill, to be allowed to put in effect a rate schedule set out in detail, which will produce an average revenue of at least 66¢ per M. c. f., it being plaintiff's claim that any lesser rate confiscates its property in violation of the federal constitution. Plaintiff claims that from these ordinances daily confiscation of its property will result, and that no means are open to it under the statutes to suspend their operation pending hearing and determination of a reasonable rate by the Public Utilities Commission. The Gas Company filed with the Commission an appeal or complaint as to ordinance 105,897, but took no steps to suspend the rate of 57¢ or to have the appeal tried. In the supplemental bill it alleges that if this court will grant a preliminary injunction as prayed, it will promptly appeal from ordinance 106,556.

Plaintiff is seeking relief against the alleged confiscatory rates of these two ordinances pending the fixing by state authorities of a compensatory rate, which it alleges will amount to not less than 66¢ per M. c. f. for gas for domestic use.

G.C. §§ 614-44 and 614-45 provide for complaints against or appeals of such ordinances. The latter reads: "No such complaint or appeal to the commission shall suspend, vacate, or set aside the rate * * * fixed by ordinance unless such public utility shall elect to charge the rate * * * in force and effect immediately prior to the taking effect of the regulation complained of and appealed from and shall give an un-

dertaking in such amount as the commission shall determine."

If plaintiff's contention that a rate under 66¢ is confiscatory, is correct, it can secure no relief under the foregoing section, which requires as a condition of suspension of either ordinance rate of 57 or 55 cents, that it elect to charge the present rate of 57 cents.

Defendant has moved to dismiss the bill and supplemental bill for want of jurisdiction because of the so-called Johnson Act, 28 U.S.C.A. § 41(1), and because the suit is prematurely brought, and is without equity.

The Johnson Act deprives this court of jurisdiction to enjoin orders of an administrative board or commission of the state or any rate-making body of any political subdivision thereof, where jurisdiction is based upon repugnance of the order to the federal constitution, upon three conditions:

1. The order must affect rates chargeable by a public utility.

2. Must not interfere with interstate commerce.

3. "Has been made after reasonable notice and hearing, and where a plain, speedy and efficient remedy may be had at law or in equity in the courts of such state."

There is no question but that the ordinances affect public utility rates and do not interfere with interstate commerce.

But plaintiff claims that the city council is not the rate-making body of the city and that the ordinances are not "orders" within the meaning of the Act.

The court does not agree. In fixing plaintiff's rates, the council acted legislatively. G.C. §§ 3982 and 4211; Cleveland Charter, Sec. 24. And unless it is the rate-making body of Cleveland, the city has none. While the Public Utilities Commission takes the final legislative step in fixing contested gas rates, the city takes the initial step by enacting its ordinances. And each step of the several bodies is vital to completed action. Before the State had a Commission, the council certainly constituted the city's rate-making body. And I think it is still properly so-called and should be so regarded when considering the Johnson Act, although the rates it initiates may now be appealed to the Commission, which has power to ratify or change them.

In my opinion the orders mentioned in the Johnson Act include city ordinances regulating charges for gas, passed under au-

thority of G.C. § 3982, as these ordinances were. The Act covers orders of "any rate-making body" as well as of "an administrative board"; and the council being the municipal rate-making body, its ordinances regulating rates constitute such orders. See Norwegian Nitrogen Products Co. v. United States, 288 U.S. 294, 318, 53 S.Ct. 350, 359, 77 L.Ed. 796, where procedure of the Interstate Commerce Commission in regulating charges of carriers, and of state commissions when regulating public service charges, is contrasted with procedure before the tariff commission, and it is said: "The Tariff Commission advises; these others ordain."

Cases have arisen in which "order" and "ordinance" were held to mean substantially the same thing. Town of Pocahontas v. Central Power & Light Co., 152 Ark. 276, 244 S.W. 712, 713. In Elliott v. Texas Pacific Coal & Oil Co., Tex.Civ.App., 19 S.W. 2d 442, 445, the court says: "The term 'order' of the city council, as recited in the ordinance, in substantial meaning is the same as the term 'ordained.'" In City of Toledo v. Gas Co., 6 Cir., 90 F.2d 1003, Mississippi Power Co. v. City of Aberdeen, D.C., 11 F.Supp. 951, and Mississippi Power & Light Co. v. City of Jackson, D.C., 9 F.Supp. 564, ordinances were involved, and the question was whether the Johnson Act applied. No one connected with those cases appears to have thought the ordinances outside the Act for the highly technical reasons advanced by plaintiff.

Plaintiff's further contention is that the ordinances were adopted without the notice and hearing mentioned in the Johnson Act; it says: "The requirements of such notice and hearing are explained in many decisions of the Supreme Court of the United States, the more recent cases being Morgan v. United States, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288, and Ohio Bell Telephone Co. v. Public Utilities Commission of Ohio, 301 U.S. 292, 57 S.Ct. 724, 81 L.Ed. 1093, April 26, 1937."

But what the above and other decisions of the United States Supreme Court say about procedural requirements, including the hearing necessary to validate an order of an administrative board, must be confined to hearings preceding the type of orders involved in those cases, i. e., final orders which, when properly made, were subject to judicial review. In the Morgan Case, supra, it is said, page 480, 56 S.Ct. page 911: "A proceeding of this sort requiring the tak-

ing and weighing of evidence, determinations of fact based upon the consideration of the evidence, and the making of an order supported by such findings, has a quality resembling that of a judicial proceeding. Hence it is frequently described as a proceeding of a quasi judicial character. The requirement of a 'full hearing' has obvious reference to the tradition of judicial proceedings in which evidence is received and weighed by the trier of the facts. The 'hearing' is designed to afford the safeguard that the one who decides shall be bound in good conscience to consider the evidence, to be guided by that alone, and to reach his conclusion uninfluenced by extraneous considerations which in other fields might have play in determining purely executive action. The 'hearing' is the hearing of evidence and argument. If the one who determines the facts which underlie the order has not considered evidence or argument, it is manifest that the hearing has not been given."

In Ohio, where orders of the Commission are reviewable by the Supreme Court on appeal (on error prior to January 1, 1936), a full hearing on evidence is accorded, G.C. §§ 614-44, 614-46, resulting in a complete record and transcript of the evidence. G.C. §§ 544, 614-46a.

In contrast, the ordinances involved here were not the final legislative steps in the establishment of the rates, nor subject to judicial review upon any record. They were initial steps in the legislative scheme for establishing rates, were not binding on plaintiff against its objection, but, on complaint to the Commission, were subject either to be ratified or stricken down. The council proceeded legislatively, and, in the absence of any controlling statute, the notice and hearing required before it is controlled by the legislative, as distinguished from the quasijudicial, character of its act. Dohany v. Rogers, 281 U.S. 362, 369, 50 S.Ct. 299, 302, 74 L.Ed. 904, 68 A.L.R. 434; Home Telephone & Telegraph Co. v. Los Angeles, 211 U.S. 265, 278, 29 S.Ct. 50, 53 L.Ed. 176; Louisville & N. R. Co. v. Garrett, 231 U.S. 298, 307, 34 S.Ct. 48, 58 L.Ed. 229; Norwegian Nitrogen Products Co. v. United States, supra, at page 319, 53 S.Ct. at page 359.

The city council was authorized to pass the ordinances as ordinances are generally passed, except that #106,556, being adopted as a franchise ordinance, was subject to Sec. 186 of the city charter. This required adequate public hearings and one week's

publication in the City Record prior to adoption, and these provisions were met.

No question is made but that plaintiff had ample notice of what the council proposed, and full opportunity to present its objections to the ordinances. I do not go into details because during argument on the motion counsel for the Gas Company placed a formal admission of notice and hearing upon the record.

Plaintiff relies on Mississippi Power Co. v. City of Aberdeen, supra, which held that omission of provision for notice and hearing from the state statute authorizing a municipality to prescribe utility rates invalidated the ordinance regardless of the fact of such notice and hearing. The case is distinguishable so far as ordinance 106,556 is concerned, Sec. 186 of the Charter being equivalent to a statute. Further, the holding appears to be contrary to Home Telephone & Telegraph Co. v. Los Angeles, supra, where notice and hearing provided for by ordinance was held sufficient.

The federal cases cited in Mississippi Power Co. v. City of Aberdeen, supra, were either tax cases or cases where property was taken by judicial process; while the case in 76 Mont. 305, 247 P. 162, related to administrative action of a railroad commission rather than purely legislative action of a city council. The 65 Mont., 210 P. case cited has no application. See Home Telephone & Telegraph Co. v. Los Angeles, supra, at page 278, 29 S.Ct. at page 54: "But rate regulation is purely a legislative function and, even where exercised by a subordinate body upon which it is conferred, the notice and hearing essential in judicial proceedings and, for peculiar reasons, in some forms of taxation (see Londoner v. City & County of Denver, 210 U.S. 373, 28 S.Ct. 708, 52 L.Ed. 1103) would not seem to be indispensable."

In Central of Georgia R. Co. v. Wright, 207 U.S. 127, 138, 28 S.Ct. 47, 51, 52 L.Ed. 134, 12 Ann.Cas. 463, it is said: "Former adjudications in this court have settled the law to be that the assessment of a tax is action judicial in its nature."

In Dohany v. Rogers, supra, it is said that the requirements of due process are satisfied so far as procedure is concerned, if the citizen "has reasonable notice and reasonable opportunity to be heard and to present his claim or defense; due regard being had to the nature of the proceeding and the character of the rights which may be affected by it". (50 S.Ct. page 302.)

In my judgment the proceedings of the council leading up to the passage of both ordinances, and certainly of 106,556, the two-year ordinance fixing rates of 55 cents, constituted due process of law when regard is had for their purpose and effect.

Finally, does the plaintiff have the plain, speedy and efficient remedy at law or in equity in the state courts, mentioned in the Johnson Act? It has no remedy under G.C. § 614-45 relating to appeals. But if these ordinances lead to confiscation of plaintiff's property against its will, it is the duty of the state courts to protect plaintiff's rights; and to that end they have equal equity powers to afford relief as this court would have if not deprived of jurisdiction. State ex rel. City of Cleveland v. Court of Appeals, 104 Ohio St. 96, 135 N.E. 377. The case is distinguishable from Mountain States Power Co. v. Public Service Commission, 299 U.S. 167, 57 S.Ct. 168, 81 L.Ed. 99. A statute of Montana Rev.Codes 1921, § 3906, provided that the state court might suspend an order of the commission fixing utility rates on final hearing, but that "all rates fixed by the commission shall be deemed reasonable and just, and shall remain in full force and effect until final determination by the courts having jurisdiction". By necessary implication this deprived the courts of power to suspend the rates prior to final determination. And the United States Supreme Court held that in the face of this statute the Power Company had no plain, speedy and efficient remedy in the state courts and the Johnson Act was inapplicable.

Ohio has no statute which will prevent its courts from granting plaintiff the relief against daily confiscation which it charges, assuming the truth of the charge. They have the same power that the United States Supreme Court held in Oklahoma Natural Gas Co. v. Russell, 261 U.S. 290, 43 S.Ct. 353, 67 L.Ed. 659, and Pacific Telephone & Telegraph Co. v. Kuykendall, 265 U.S. 196, 44 S.Ct. 553, 68 L.Ed. 975, is possessed by federal district courts.

In my opinion the Johnson Act is applicable to this case and deprives the court of jurisdiction to entertain it. Being without jurisdiction the court expresses no opinion as to whether the suit is prematurely brought or is without equity.

The bill and supplemental bill will be dismissed at plaintiff's costs.