**W. R. DAVIS, W. W. Berger, and Rex Houchin, Commissioners of Little Rock and Westwood Water & Light District No. 2, for the Use and Benefit of Little Rock and Westwood Water & Light District No. 2, Plaintiffs,**

v.

**CITY OF LITTLE ROCK, ARKANSAS, and Lawson L. Delony and H. J. Burford, Individually and as Commissioners of Little Rock Municipal Water Works, Defendants.**

Civ. A. No. 3070.

United States District Court
E. D. Arkansas, W. D.

Dec. 23, 1955.

Talley & Ownen, L. Gene Worsham, Little Rock, Ark., for plaintiffs.

Sherrill, Gentry & Bonner, Thos. J. Bonner, Little Rock, Ark., for defendants.

LEMLEY, District Judge.

This cause is before the court upon the question of the existence of federal jurisdiction with respect thereto, which question was raised by the Court upon its own motion, and upon the further question of whether or not the case is one that must be heard by a district court of three judges, as requested by the plaintiffs. From our consideration of the record before us, including pre-trial briefs, we have concluded that this is not a case for a three-judge court, and we have also concluded that if federal jurisdiction exists at all, a point which we do not decide, such jurisdiction should not be exercised in view of the doctrine of comity expressed in Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971, and cases similar thereto.

The plaintiffs, who are the Commissioners of Little Rock and Westwood Water and Light District No. 2 Pulaski County, Arkansas, have brought this action against the City of Little Rock, Arkansas, and Lawson L. Delony and H. J. Burford, the latter defendants constituting the Board of Commissioners of the Little Rock Municipal Water Works, a municipally owned public utility, for the purpose of restraining the enforcement of Ordinance No. 9793 of the City of Little Rock, which was adopted on March 28, 1955, and which provides in substance that consumers of water supplied by the Little Rock Municipal Water Works who reside out--

side the city limits of Little Rock[1] must pay higher rates for their water than are charged to consumers who reside inside the City. Said ordinance was passed under the purported authority of Section 7 of Act 321 of the 1955 General Assembly of the State of Arkansas.[2] It is claimed that the statute and the ordinance are invalid as being repugnant to the Constitution of the United States in a number of respects that will presently be mentioned; and the prayer is that the defendants "be temporarily and permanently enjoined from increasing their water rates to plaintiff district in excess of those rates charged in the corporate limits of the City of Little Rock, * * * ; that said statute and ordinance be declared null, void and unconstitutional."

Plaintiffs allege that on October 29, 1925 a contract was entered into between the plaintiff district and the Arkansas Water Company, a private utility then serving the City of Little Rock, under the terms of which the water company "agreed to furnish to the plaintiffs a supply of water for residents living within the corporate limits of said district at the same and regular schedule of rates as was then, or was thereafter, in effect in the City of Little Rock, Arkansas";[3] that in consideration of this agreement on the part of the company, the District conveyed to the company all of its water mains, valves, specials, and other appurtenances pertaining thereto; that subsequently the Arkansas Water Company sold and assigned all of its rights under the

aforesaid contract to the defendant, City of Little Rock, which assumed the obligations thereof; that the City took possession of the District's properties and used the same, and furnished water to the residents of the District at the same rates as those charged to inhabitants of the City until April 1, 1955, at which time it increased the rates charged to residents of the District in accordance with the terms of the ordinance that has been mentioned.

Plaintiffs further allege that the statute and ordinance are unconstitutional for the following reasons: that they impair plaintiffs' contract rights with the defendants; that they deprive the plaintiff district of its property conveyed under the contract without due process of law and are confiscatory; and that they purport to establish unjust, confiscatory and discriminatory rates among patrons of the "defendant utility."

In their answer the defendants admit the execution of the contract alleged in the complaint, but they deny that the Arkansas Water Company agreed to furnish water to the plaintiff District, and deny that said company agreed to furnish water at the rates then or thereafter charged to residents of the City of Little Rock; they allege instead that the water was to be furnished not to the plaintiff district but to the residents thereof, and at the regular schedule of rates. It is further alleged that the residents of the District are now receiving water at the regular schedule of rates, "which schedule requires a high-

---

1. The Little Rock and Westwood Water & Light District No. 2 is located outside the corporate limits of Little Rock, and the persons residing within said District are nonresidents of Little Rock.

2. Said section is, insofar as here pertinent, as follows: "A municipality owning a waterworks system shall operate its entire system in a governmental and not proprietary capacity. The municipality shall have the option of extending its services to any consumer outside the municipal boundaries, but it shall not be obligated to do so. * * * Water may be supplied to non-resident con-

sumers at such rates as the Legislative Body of the municipality may deem just and reasonable, *and said rates need not be the same as the rates charged residents of the municipality.* All laws in conflict with this section are hereby repealed." (Emphasis supplied.)

3. The precise language of the contract on that point was as follows: "The Company agrees to furnish water to residents of the District * * * at its regular schedule of rates and under the same rules and regulations that are now, or may hereafter be in effect in the City of Little Rock, Arkansas * * *."

er rate for non-residents than for residents." The defendants admit that after the execution of the 1925 contract, the same was taken over by the City and admit that up until April 1, 1955 the rates charged residents of the District were the same as those charged residents of the City; they further admit the enactment of the statute and ordinance in question; and they admit that since April 1 residents of the plaintiff district have been charged higher rates than those charged residents of the City. They deny, however, that the statute and ordinance are unconstitutional in any of the respects relied upon by the plaintiffs, and they deny that the plaintiffs are entitled to any relief.

Further answering the defendants allege that the plaintiff district "had no authority under the law to contract with the Arkansas Water Company for a water rate to be charged by the Company. to individual residents of the District and said provision is, therefore, void and of no effect"; it is further alleged that the rate provision of the contract is severable from the remaining provisions thereof, that it had no term, and was cancellable at the will of either party, and that if said provision was ever valid, it was cancelled by the ordinance in question. It is finally alleged that the Commissioners of the District are purporting to bring this action on behalf of the District, but that the latter itself buys no water from the defendants, that the individual residents of said District are the real parties in interest, and that the plaintiffs should be required to join said residents as a class herein in order to prevent a multiplicity of actions.

As has been pointed out, the plaintiffs take the position that this case is one that calls for the convening of a three judge court, as provided by 28 U.S.C.A. § 2281 et seq., and have requested us to have such a court convened, which request is resisted by the

defendants. In passing upon such request it should be kept in mind that the statute just mentioned is not "a measure of broad social policy to be construed with great liberality, but as an enactment technical in the strict sense of the term and to be applied as such." Phillips v. United States, 312 U.S. 246, 251, 61 S.Ct. 480, 483, 85 L. Ed. 800. That statute requires a court of three judges where a plaintiff seeks to enjoin state officers in the enforcement or execution of a state statute or of an order made by an administrative board or commission acting under state statutes; it is not applicable to suits to enjoin the enforcement of municipal ordinances, nor to suits involving purely local officials. Ex parte Collins, 277 U.S. 565, 567, 48 S.Ct. 585, 72 L.Ed. 990; In re Public National Bank of New York, 278 U.S. 101, 49 S.Ct. 43, 73 L.Ed. 202, and Rorick v. Board of Commissioners of Everglades Drainage District, 307 U.S. 208, 59 S.Ct. 808, 83 L.Ed. 1242. While it is true that the ordinance here challenged was passed pursuant to an enabling act adopted by the Legislature, and while the constitutionality of that statute may be involved in the case, the fact remains that said statute is permissive only; the plaintiffs have been aggrieved, if at all, only by the passage of the ordinance in question, and it is actually the enforcement of the ordinance, which prescribes a rate differential between resident and non-resident consumers, which they seek to enjoin. Moreover, the defendant, City of Little Rock, is not a "state officer"; nor can the defendant Commissioners be properly considered as such officers. Hence, there is no occasion for convening a three judge court.

While counsel for both the plaintiffs and the defendants agree that this cause is within the jurisdiction of this Court, we express no opinion on that question [4] since we are satisfied

4. It is, of course, well settled that federal courts are courts of limited jurisdiction, and that jurisdiction of the subject matter cannot be conferred by waiver or con-

that even if this court does have jurisdiction, nevertheless, for reasons of comity, the same should not be exercised, and the plaintiffs should be remanded to their remedy in the state courts. Railroad Commission of Texas v. Pullman Co., supra; General Telephone Company of the Southwest v. Robinson, D.C.Ark., 132 F.Supp. 39, 45–46, and Union Carbide & Carbon Co. v. White River Distributors, Inc., D.C. Ark., 118 F.Supp. 541.

■ In discussing the application of the doctrine of comity to this case it should first be said that it is a well established principle that courts should not decide constitutional questions in a case where the litigation can be disposed of on other grounds; and it appears to us that the instant case might go off on certain questions of state law, and that the constitutional questions which plaintiffs seek to raise might not survive. Assuming for purposes of argument that the contract between the plaintiff district and the Arkansas Water Company should be construed as the plaintiffs contend with regard to rates, and assuming further that said contract was valid, the Supreme Court of Arkansas, which has the final word as to the meaning of Act 321 of 1955, which we do not [5], might well construe that statute so as to not apply in this particular instance, and might strike down the ordinance on purely state grounds. Furthermore, the defendants challenge the right of the Commissioners of the plaintiff district to contract with a utility for water rates to be charged to consumers, and apparently challenge the right of the plaintiffs here to maintain this action; those contentions may well involve questions of state law which the state Supreme Court can authoritatively and finally answer, and which we cannot. See Railroad Commission of Texas v.

Pullman Co., supra, 312 U.S. at pages 499–500, 61 S.Ct. at pages 644–645; and Union Carbide & Carbon Co. v. White River Distributors, Inc., supra.

Aside from the foregoing, the plaintiffs are attacking a rate making ordinance adopted by the City Council under an enabling act of general application throughout the State; this attack on their part clearly involves the public policy of the State of Arkansas in the important field of regulating the rates to be charged by municipalities for water, and we feel that due regard for the rights of the State in that field require us, in the exercise of the equitable discretion referred to in the Pullman case, to withhold the exercise of our jurisdiction, if any we have, in favor of the State courts.

A more particular reason, however, for applying the doctrine of .comity in this case lies in the fact that the plaintiffs by their action are seeking to have us intervene in a field of litigation from which Congress has specifically admonished the federal district courts to remain aloof. In this connection the so-called Johnson Act, 28 U.S.C.A. § 1342, provides that the district courts of the United States shall not enjoin the operation of or compliance with "any order affecting rates chargeable by a public utility and made by a State administrative agency or rate-making body of a State political subdivision" where: "(1) Jurisdiction is based solely on diversity of citizenship or repugnance of the order to the Federal Constitution; and, (2) The order does not interfere with interstate commerce; and (3) The order has been made after reasonable notice and hearing; and (4) A plain, speedy and efficient remedy may be had in the courts of such State."

■ Although it does not appear that the ordinance here challenged was en-

---

sent. Where a question of jurisdiction exists, it is the duty of the Court to raise such question on its own motion, and to dismiss the action unless satisfied that jurisdiction exists, irrespective of the wishes of the parties.

5. Act 321 of 1955 is a general statute and applies not only to the City of Little Rock and its water plant, but also to all cities in the State of Arkansas which own their own water works.

acted after reasonable notice and hearing, it is obvious that the other three prohibitory conditions of the Act are present,[6] and under such circumstances we think that the doctrine under discussion is particularly applicable, in the light of the clear Congressional policy expressed in the statute.

A situation closely analogous to this was presented in General Telephone Company of the Southwest v. Robinson, supra, where the Court held that all of the conditions of the Johnson Act were present and that no jurisdiction existed, but further stated that even if jurisdiction did exist, it should not be exercised. It was said:

" * * * (W)e are satisfied that the Commission's order does not interfere with interstate commerce; but even if we are wrong and in fact have jurisdiction, it does not necessarily follow that such should be exercised.

"The plaintiff, without resorting to its available State remedies, is asking us to interfere in what is, from a practical standpoint, an essentially local problem, and to overturn the considered judgment of the Commission with respect to a matter within its jurisdiction upon the same evidence which the Commission heard, or upon other evidence not presented to it, and upon which it has had no opportunity to pass. Such being the case, and in view of the adequacy of the State remedy, we feel that the doctrine of comity should be applied and the case dismissed even if jurisdiction exists. * * *

"In support of its position that the doctrine just mentioned should not be applied here, plaintiff argues that when Congress, in passing the Johnson Act, left the federal courts with jurisdiction to enjoin the enforcement of State rate orders which interfered with interstate commerce, it intended not only to preserve such jurisdiction but also that it should be exercised. There is no merit in this contention; the Johnson Act is a restrictive statute and manifests a Congressional intent that in general federal courts should not interfere with rate orders of State and local regulatory bodies. Since in the instant case at least three of the four conditions of the Act have been met, we feel that the situation presented is one to which the rule of comity is peculiarly applicable." 132 F.Supp. at pages 45–46.

True, in the instant case the plaintiffs do not appear to have any administrative remedy under Arkansas law; but they do have an adequate judicial remedy in the courts of that State in the form of a plenary injunction suit such as they have brought here. The judges of the courts of Arkansas are obligated and fully qualified to protect federal constitutional rights, and their rulings with regard to such rights are subject to ultimate review by the Supreme Court of the United States.

Let an order be entered dismissing this case at the plaintiffs' cost, but without prejudice to their right to commence an appropriate action in the State courts.

---

6. A municipal ordinance fixing rates is an "order" as that word is used in the Johnson Act. East Ohio Gas Co. v. City of Cleveland, D.C.Ohio, 23 F.Supp. 965, affirmed 6 Cir., 94 F.2d 443, certiorari denied 303 U.S. 657, 58 S.Ct. 761, 82 L. Ed. 1116.