UNITED STEELWORKERS OF AMERI-
CA (AFL–CIO), an unincorporated as-
sociation; James E. Payne; and George
Weakman, Plaintiffs,

v.

J. T. FUQUA; N. C. Hancock; R. O.
Hardy; C. E. Thompson; L. D. Mc-
Carley; L. E. Johnson; T. S. Thur-
mond; and Beldon A. Head, Defend-
ants.

No. 594.

United States District Court
W. D. Kentucky,
Bowling Green Division.

June 10, 1957.

Arthur J. Goldberg, Gen. Counsel,
United Steelworkers of America, Wash-
ington, D. C., Edgar A. Zingman, of
Wyatt, Grafton & Grafton, Louisville,
Ky., Jerome A. Cooper, of Cooper, Mitch
& Black, Birmingham, Ala., for plaintiffs.

G. S. Milam, J. Granville Clark, Rus-
sellville, Ky., for defendants.

Herbert Segal, Louisville, Ky., for intervenor.

SWINFORD, District Judge.

This is an action in which the plaintiffs, United Steelworkers of America (AFL–CIO), an unincorporated association, James E. Payne and George Weakman, ask for a declaratory judgment as to their rights under the facts and circumstances hereinafter set out and for an injunction against the defendants, J. T. Fuqua, Mayor of the City of Russellville, Kentucky; N. C. Hancock, R. O. Hardy, C. E. Thompson, L. D. McCarley, L. E. Johnson and T. S. Thurmond, members of the City Council of the City of Russellville, Kentucky; and Beldon A. Head, Chief of Police of the City of Russellville, Kentucky.

The plaintiffs are a labor union and individual members of the union which and who desire to induce workers living in the City of Russellville, Kentucky, to become members of the plaintiff, United Steelworkers of America. The defendants threaten prosecution for any attempt made to carry out the expressed purpose of the plaintiffs unless they first comply with the provisions of an ordinance of the City of Russellville. The plaintiffs, James E. Payne and George Weakman, went to the City of Russellville with the avowed purpose of performing their duties as solicitors and organizers for union membership with the plaintiff, United Steelworkers of America.

The record discloses that a large industrial plant has been established in or near the City of Russellville by the Rockwell Manufacturing Company. The products of and the raw materials for the plant move in interstate commerce in substantial quantities. Other plants operated by the same company in interstate commerce have groups of employees who are represented for the purposes of collective bargaining by labor unions.

The plaintiffs, Payne and Weakman, are in the employ of the plaintiff, United Steelworkers of America, for the sole purpose of soliciting members among workers to the plaintiff's union. They are under orders from the plaintiff union to contact, speak to, and meet with the employees of Rockwell Manufacturing Company at Russellville in order to explain the advantages of membership in the union and with a view toward seeking collective bargaining rights for the union under the Act for appropriate groups of employees. In discharging this duty the plaintiffs must contact, speak to, meet with, solicit and attempt to persuade the employees of the plant who are living in the City of Russellville. In an effort to carry out this duty they were informed by the defendants that they cannot engage in such activities within the city limits of Russellville unless they comply with the city ordinance or face arrest and criminal prosecution. Rather than subject themselves to either of these alternatives the plaintiffs have brought this action.

Over the objections of the defendants, the court permitted the Kentucky State Federation of Labor to file an intervenor's complaint.

At a preliminary hearing on a motion for a temporary injunction, by consent of the parties, the hearing was turned into a pre-trial conference and it was agreed that the motion for a temporary injunction should be overruled and that the parties proceed to prepare their case for final determination.

The defendants filed their answer in which they set forth the fact that the City of Russellville, Kentucky, is a municipal corporation of the fourth class; that the ordinance of May 8, 1956, as amended and reenacted on December 4, 1956, is in full force and effect and is a valid legislative enactment and will be enforced against the plaintiffs.

As the case now stands finally submitted, there are two questions to be determined; first, the jurisdiction of the court, and, second, the constitutionality of the ordinance. I will discuss these two points in the order named.

To set forth the ordinance in full as a part of this opinion would unduly lengthen the opinion. It is made a part of the

findings of fact. The purposes of the ordinance are set forth in its title which recites that it is an ordinance defining, classifying and regulating businesses, trades, occupations or professions of labor organizer and labor solicitor, within the City of Russellville, Kentucky; making it unlawful to conduct any of these businesses, trades, occupations or professions within the City of Russellville without first obtaining a license. The ordinance prescribes the manner such license may be obtained and it provides for the forfeiture of the license. It further fixes the penalties for violation of the provisions of the ordinance. The definitions of labor organizer and promoter and labor solicitor as defined in the body of the ordinance describe the business and activities of the plaintiffs. The ordinance provides among other things that no license should be issued until the application shall have been filed in writing with the city clerk and contain information of a personal and business nature about the applicant. The license fee to be charged for organizers and promoters is fixed at $25 from the time of issuance until the 30th day of April succeeding the date of issuance and a fee of $25 for labor solicitors during the same period. Conviction for failure to comply with the ordinance by a labor organizer and promoter subjects him to a fine of not less than $10 nor more than $50 or confinement in the city jail for not more than thirty days or both so fined and imprisoned. The conviction of a labor solicitor for failure to comply with the ordinance subjects him to a fine of not less than $10 nor more than $20 or confinement in the city jail for not more than ten days or both so fined and imprisoned. The ordinance also provides that any labor organization operating within the city limits of Russellville through an agent acting for pecuniary compensation, either as a labor organizer and promoter or as a labor solicitor, who is unlicensed, is subject to a fine of not less than $50 and not more than $100. In all cases each day is to be considered as a separate offense.

■ The court considered the necessity of calling a statutory three-judge court as provided by 28 U.S.C.A. § 2281. A three-judge court is not necessary to rule upon the validity of a city ordinance. Spielman Motor Co. v. Dodge, 295 U.S. 89, 55 S.Ct. 678, 79 L.Ed. 1322; City of Cleveland v. United States, 323 U.S. 329, 65 S.Ct. 280, 89 L.Ed. 274; Davis v. City of Little Rock, D.C.1955, 136 F.Supp. 725.

■ A court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by an act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments. 28 U.S.C.A. § 2283; Amalgamated Clothing Workers of America v. Richman Bros. Co., 6 Cir., 211 F.2d 449.

■■ It is a recognized and familiar rule that a court of equity will not ordinarily restrain a criminal prosecution even though the prosecution is alleged to be unauthorized. Beal v. Missouri Pacific R. Co., 312 U.S. 45, 61 S.Ct. 418, 85 L.Ed. 577. However, interference with the processes of the criminal law in state courts by injunctive relief can be justified where there are exceptional circumstances and it is clear that an injunction is necessary in order to prevent irreparable injury. Hygrade Provision Co. v. Sherman, 266 U.S. 497, 45 S.Ct. 141, 69 L.Ed. 402; Cline v. Frink Dairy Co., 274 U.S. 445, 47 S.Ct. 681, 71 L.Ed. 1146.

■ The plaintiffs here have been threatened by the defendants with prosecution and it is the opinion of the court that the injury to the plaintiffs was present and very real, not a mere possibility in the remote future. Prevention of impending injury by an unlawful act is a well-recognized function of courts of equity. Pierce v. Society of Sisters, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070.

■ It is the duty of the court, under the circumstances revealed by the record, to entertain jurisdiction for the purpose of asserting its equitable powers in the event it is determined on this final submission that the ordinance is invalid.

As said in Com. of Pennsylvania v. Williams, 294 U.S. 176, 55 S.Ct. 380, 79 L. Ed. 841, the power of a court of equity to act is a discretionary one. That discretion is based upon the statutory authority of this court sitting in equity to assert its powers of injunction on the facts.

■ Numerous jurisdictional grounds are alleged but the court is of the opinion that its jurisdiction is clear without regard to diversity of citizenship or amount in controversy because this is a proceeding arising under the law to regulate commerce and the action of the defendants in seeking to enforce the ordinance is a burden upon commerce and the enforcement of the ordinance by the defendants would result in irreparable injury to the plaintiffs. A. F. of L. v. Watson, 1946, 327 U.S. 582, 66 S.Ct. 761, 90 L.Ed. 873.

An academic discussion of this question of jurisdiction would serve no purpose since it is fully covered in a well-considered opinion from the Fifth Circuit in the case of Denton v. City of Carrollton, Georgia, 1956, 235 F.2d 481. It is argued by the defendants that the Denton case is not in point since the fees to be charged under the ordinance considered in that case were exorbitant and prohibitive while in the instant case the fees provided by the ordinance are relatively small or nominal. Such reasoning will not stand the test of close scrutiny. It is not so much the amount to be charged but the fact that any local interference is a burden upon interstate commerce and is intolerable. The ordinance is an interference with the Labor Management Relations Act, 29 U.S.C.A. § 141 et seq. It prohibits the exercise of the right of full freedom of the workers in the selection of bargaining representatives of their own choice. If workers are to have the benefit of bargaining collectively it is necessary that they organize in order to have a bargaining agent. If they are prevented from engaging in conversation and assembly without complying with a penal statute

they are deprived of the benefits guaranteed to them by the federal statute.

The ordinance establishes its own standards for those who attempt to qualify for the license. This is an appendage to the federal law and an interference with collective bargaining. Weber v. Anheuser-Busch, Inc., 348 U.S. 468, 75 S.Ct. 480, 99 L.Ed. 546; Hill v. Florida, 325 U.S. 538, 65 S.Ct. 1373, 89 L.Ed. 1782.

Where Congress has protected the union conduct which the state has forbidden, the state legislation must yield. International Union of United Automobile Workers, etc. v. O'Brien, 339 U.S. 454, 70 S.Ct. 781, 94 L.Ed. 978. It is apparent that the ordinance if applied would prevent the union and its selected representatives from functioning as collective bargaining agents except upon the conditions fixed by this local law. The Wagner Act had the express purpose of encouraging collective bargaining and to protect the freedom of the workers in the selection of bargaining representatives. No employer may interfere with this right. Congress fixed no conditions but made the workers' own best judgment the guide.

The Russellville ordinance has already interfered with the collective bargaining process. The union organizers refused to comply with the terms of the ordinance and the workers at the Russellville plant are without a bargaining agent. Should the plaintiffs meet the requirements of the Russellville ordinance, there is nothing to prevent the council from changing the ordinance and fixing more stringent terms. If this ordinance is sustained on the basis of "small" requirements then each community could, by its local legislative body, fix terms to which organizers and solicitors would have to comply. The national labor legislation, with its declared purpose of remedial assistance to workers, would be entirely ineffective. The rights of the workers could be hampered and controlled on a sliding scale basis as to whether or not the license fees were rea-

sonable or unreasonable in a particular locality.

The case of Hill v. Florida, supra, is directly in point and it would serve no purpose to further belabor the issues presented by the record.

■ It is the opinion of the court that the ordinance of the City of Russellville is invalid and contrary to the Constitution and laws of the United States. The defendants should be permanently enjoined from enforcing the provisions of the ordinance against the plaintiffs.

Findings of fact, conclusions of law and judgment are this day entered.