STATE EX REL. BOARD OF RAILROAD COMMRS., RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 3,958.)

(Submitted December 5, 1916. Decided February 5, 1917.)

[163 Pac. 115.]

*Injunction Pendente Lite—Board of Railroad Commissioners —Suspending Orders—Power of District Court.*

Injunction *Pendente Lite*—Orders of Railroad Commissioners—Power of District Court.
1. *Held,* that the district court has jurisdiction to use the provisional remedy of injunction *in limine* to suspend an order, made and promulgated by the board of railroad commissioners, requiring a railroad company to operate a local passenger train each way daily between designated stations, pending a final determination of an action brought by the company to have the order reviewed as unjust and unreasonable.

Same—Discretion.
   2.   An injunction does not issue as a matter of right in any case.
The granting of it is discretionary; the discretion, however, is not
arbitrary, but must be guided by conclusions based upon the law and
facts of the particular case, and unless a case is presented certain as to
both, the relief should be withheld.
   [As to the right to grant temporary injunction before institution
of action, see note in Ann. Cas. 1913E, 462.]

*Certiorari* by the State, on the relation of the Board of Railroad Commissioners, against the District Court of the First Judicial District in and for the County of Lewis and Clark, and R. Lee Word, a Judge thereof, to review an order of said court. Order affirmed.

*Messrs. Veazey & Veazey,* for Relator, submitted a brief; *Mr. I. Parker Veazey, Jr.,* argued the cause orally.

*Mr. J. B. Poindexter,* Attorney General, and *Mr. J. H. Alvord,* Assistant Attorney General, for the State, submitted a brief; *Mr. Alvord* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

*Certiorari.*  On May 13, 1916, the state board of railroad commissioners, the relator herein, made an order designated as [1] "Order No. 160," requiring the Great Northern Railway Company (hereinafter referred to as the company) to operate a local passenger train each way daily between designated stations on its main line from Mondak, in Sheridan county, to Virden, in Toole county. It also directed the company to establish a like service between designated stations on its line extending southward from Great Falls, in Cascade county, to Billings, in Yellowstone county, giving the company the option, however, to furnish local Sunday service between Moccasin, in Fergus county, and Billings, by its through trains numbered 43 and 44. The purpose of the order was to require the company to extend the local service theretofore established, so as to include Sundays as well as week days. Thereupon, and on May 26, the company brought its action in the district court

of Cascade county to have the order reviewed as unjust and unreasonable so far as it required Sunday service between the points designated. The cause was thereafter transferred to the district court of Lewis and Clark county. Such proceedings were then had in that court that on July 10, after a hearing upon an order to show cause theretofore issued at the instance of the company, the court made and entered its order staying the order of the board and suspending its operation pending a review of it by the court and a final determination of the action. The board thereupon commenced this proceeding to have the order of the district court annulled as in excess of jurisdiction.

It is agreed by counsel on both sides that the order, though referred to in the petition as a stay order, is in effect an injunction. The question submitted therefore is: Has the district court in this class of cases jurisdiction to use the provisional remedy of injunction *in limine* to suspend an order or regulation made and promulgated by the board pending a final determination of the action in which a review of the order is sought? Counsel have devoted considerable space in their briefs to a discussion of the questions which they say were considered and decided by the district court upon the hearing on the order to show cause. Whether the conclusions of the district court in a solution of these questions were correct we are not required in this proceeding to decide.

The board was created by Chapter 37, Laws of 1907. (Laws 1907, p. 68.) The Act is incorporated in the Revised Codes as Chapter V, Title VIII, Part IV, Division I, sections 4363–4399, inclusive. For convenience, reference is made to the sections considered here by their Code numbers. The board is vested with very extensive powers and duties. Among numerous others it has power, and it is its duty, to establish and promulgate fair and just rates and charges for the transportation of passengers and freight by railroads operating in this state; to prevent extortion and unjust discrimination in this behalf, and to compel all such railroads to provide and maintain train service for both passengers and freight sufficient to furnish reason-

able accommodations to the public. Section 4384 confers upon the district court of the proper county jurisdiction to review any determination of the board "fixing any classification, rate, toll, charge, regulation or order," or its refusal to make, fix or establish such classification, rate, *etc.* The action must be commenced by the filing of a complaint in the proper county, and the defendant must be served with summons as in an ordinary action, or with an order of court fixing a reasonable time within which appearance may be made, not less than five days. The issues are made up by answer. If the court finds the order establishing the classification, rate, *etc.*, to be unjust and unreasonable, it becomes the duty of the board to revise it. Section 4390 authorizes any railroad deeming a classification, rate, toll, *etc.*, established by the board to be unjust and unreasonable, to bring the action against the board to have its determination reviewed. Section 4391 empowers any shipper to bring an action for the same purpose. To enforce any determination made by the board, section 4387 authorizes the court to entertain an action in the name of the state and by proper "decree, injunction or order" to compel obedience by the railroad to which the determination or order is applicable, if such road fails or refuses to yield obedience to it. This section recognizes the right in the defendant to question the justness or reasonableness of the order, and if the finding is against the defendant, it and its agent or officer responsible for the delinquency becomes subject to punishment as for a contempt. The agent or officer may also be imprisoned until he shall purge himself of the contempt. The decree remains in force until the board has changed or vacated its action. In all the proceedings had under these provisions the attorney general or the county attorney of the proper county is the attorney and counselor of the board, and must serve it as such in all actions which it is necessary for it to bring or defend. (Sec. 4383.)

It will be observed that the jurisdiction conferred upon the district court by sections 4383, 4384, 4387 and 4390, *supra,* is general, and that in the exercise of it the court is not in terms

limited or restricted, except in so far as a limitation and restriction may be imposed by some special provision to be found in some one of the sections. Section 4383 contains a general provision that all actions brought under the provisions of this law shall have precedence over all other business, except criminal business and special proceedings. This provision is repeated in section 4387. It has to do with procedure only. There is added to this section a provision which imposes upon the defendant railroad the burden of justifying its disobedience by clear and convincing evidence. Section 4390 contains two provisos, *viz.*: "That until the final decision in any such action the classification, rate, toll, charge, regulation or order of the board affecting rates or charges shall be deemed to be final and conclusive: And provided, further, that in any action, hearing or proceeding in any court, the classification, rate, tolls, charges, regulations and orders made, fixed and established by said board shall *prima facie* be deemed to be just, reasonable and proper." Provisos to the same effect are found in section 4391. They are not expressed in the most apt and appropriate terms; yet it is obvious, we think, that it was the purpose of the legislature in enacting the first to restrict the power of the court to disturb or suspend the operation of an order of the board promulgating a rate or charge until final judgment; while by the second it was the purpose merely to declare the rule by which the evidence must be weighed with reference to this kind of order as well as any other which the board may promulgate. The effect of the first is to take from the court all power of control over any order relating to rates and charges except by final judgment. This necessarily deprives a railroad company, as well as the shipper, of the right to invoke, and prohibits the court from issuing a preliminary injunction in this behalf. The rule of evidence declared by the second has nothing to do with remedies. This the legislature is presumed to have had in mind; for when it conferred on the court the power to review, it conferred it in general terms, making the single exception as to the availability of the provisional relief in the first proviso

*supra,* and leaving the court free to use its power when properly
invoked as in ordinary cases. If no exception had been de-
clared, there would have been no limitation. That the single
one was declared strongly implies that the legislature did not
intend to make any other. The declaration of the rule of evi-
dence does not indicate a contrary intention. The most that
can be said of this declaration is that it does not prescribe a rule
different from that which applies in every other case in which
[2] an injunction is sought. An injunction does not issue as
a matter of right in any case. The burden is upon him who
asks for it to establish by his proof his *prima facie* right to it.
The granting or withholding it is discretionary, but the discre-
tion is not arbitrary. It must be guided by conclusions based
upon the law and facts disclosed by the particular case; and
unless a case is presented certain as to both, the relief demanded
will be withheld. (1 Spelling on Injunctions, sec. 20; *Bennett
Bros. Co.* v. *Congdon,* 20 Mont. 208, 50 Pac. 556; *Campbell* v.
*Flannery,* 29 Mont. 246, 74 Pac. 450.)

Though the determinations of the board are *prima facie* just
and reasonable, this furnishes no compelling reason why the
presumption in their favor may not be so satisfactorily over-
come by evidence on the hearing of the application that the court
would be constrained to grant relief just as it would in any
other case. Inasmuch as the jurisdiction conferred is general,
except so far as the legislature has expressly restricted it, we
do not think that this court should impose any other restriction.
It may be that the legislature should have imposed the same
restriction as to all-orders. This was for that body to deter-
mine, and not for the court. Doubtless it deemed it better to
leave the whole matter to the exercise of a wise judicial dis-
cretion, anticipating that cases might arise in which the order
complained of would be so clearly oppressive that immediate
relief from it would be imperative. It may be assumed that,
since the legislature has expressly declared that all the deter-
minations of the board are to be deemed *prima facie* just and
reasonable, the court should exercise its discretion with reserve

and caution. This consideration, however, is one affecting the mode of exercising the jurisdiction conferred, and is not perti-. nent to the inquiry whether the legislature intended to confer it.

The order of the district court is affirmed.

*Affirmed.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.