## MOUNTAIN STATES POWER CO. *v.* PUBLIC SERVICE COMMISSION OF MONTANA ET AL.

Nos. 38 and 39.   Argued November 11, 1936.—Decided December 7, 1936.

*Mr. Hance H. Cleland,* with whom *Messrs. Raymond W. Clifford, E. G. Toomey, Elisha Hanson,* and *Joseph A. Cantrel* were on the brief, for appellant.

*Mr. Albert H. Angstman,* counsel for Montana Railroad Commission, with whom *Mr. Raymond T. Nagle,* Attorney General of Montana, was on the brief, for appellees.

Mr. Justice McReynolds delivered the opinion of the Court.

Each of these causes presents the same point. of law.

Appellee, Public Service Commission of Montana, issued an order requiring the appellant Company to reduce its charges for electricity in Baker—No. 38; also another requiring reduction in Forsyth—No. 39. They were attacked as confiscatory by separate bills in the U. S. District Court. That court, three judges sitting, granted motions to dismiss for lack of jurisdiction. These direct appeals question its action.

Prior to May 14, 1934, paragraph one, § 24, Judicial Code, as amended (U. S. C., Tit. 28, § 41), provided:

"The district courts shall have original jurisdiction as follows:·

"First. Of all suits of a civil nature, at common law or in equity, brought by the United States, or by any officer thereof authorized by law to sue, or between citizens of the same State claiming lands under grants from different States; or, where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and (a) arises under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or (b) is between citizens of different States, or (c) is between citizens of a State and foreign States, citizens, or subjects. . . ."

On that day the so-called Johnson Act (48 Stat. c. 283, p. 775) became effective. Section one directs:

"That the first paragraph of section 24 of the Judicial Code, as amended, is amended by adding at the end thereof the following: 'Notwithstanding the foregoing provisions of this paragraph, no district court shall have jurisdiction of any suit to enjoin, suspend, or restrain the enforcement, operation, or execution of any order of an administrative board or commission of a State, or any rate-making body of any political subdivision thereof, or

to enjoin, suspend, or restrain any action in compliance with any such order, where jurisdiction is based solely upon the ground of diversity of citizenship, or the repugnance of such order to the Constitution of the United States, where such order (1) affects rates chargeable by a public utility, (2) does not interfere with interstate commerce, and (3) has been made after reasonable notice and hearing, and where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State.' "

Section 3906 Revised Codes of Montana, 1921,—

"Any party in interest being dissatisfied with an order of the commission fixing any rate or rates, fares, charges, classifications, joint rate or rates, or any order fixing any regulations, practices, or services, may within ninety days commence an action in the district court of the proper county against the commission and other interested parties as defendants, to vacate and set aside any such order on the ground that the rate or rates, fares, charges, classifications, joint rate or rates, fixed in such order is unlawful or unreasonable, or that any such regulation, practice, or service, fixed in such order, is unlawful or unreasonable. . . .

"No injunction shall issue suspending or staying any order of the commission except upon application to the court or judge thereof, notice to the commission having been first given and hearing having been had thereon; provided, that all rates fixed by the commission shall be deemed reasonable and just, and shall remain in full force and effect until final determination by the courts having jurisdiction. . . ."

Appellees maintain that under *Porter* v. *Investors Syndicate,* 286 U. S. 461, the inhibition of the Montana statute, against stay or injunction prior to final determination, plainly conflicts with the Federal Constitution and should be disregarded. Further, that when this is eliminated there are other statutory provisions which per-

mit the state courts to issue appropriate preliminary relief. Following *Montana Power Co.* v. *Public Service Comm'n,* 12 F. Supp. 946, the court below sustained this view.

While the inhibition has not been definitely sustained by the Supreme Court of the State against an attack based upon unconstitutionality, it was recognized without suggestion of disapproval in *Billings Utility Co.* v. *Public Service Comm'n,* 62 Mont. 21, 32; 203 Pac. 366; *State ex rel. Public Service Comm'n* v. *Great Northern Utilities Co.,* 86 Mont. 442, 446; 284 Pac. 772. And see *State ex rel. Board of Railroad Comm'rs* v. *District Court,* 53 Mont. 229, 233; 163 Pac. 115.

Except for the Johnson Act, appellant's bills of complaint would state causes of action within the jurisdiction of the Federal court. Obviously, also, the amendment relied upon has no application unless there is "a plain, speedy and efficient remedy" in the state courts. And we cannot conclude that such remedy exists where, as here, a state statute definitely denying it has not been authoritatively condemned. In the circumstances it is impossible to know what position the courts of the State would take. A "plain, speedy, and efficient remedy" cannot be predicated upon the problematical outcome of future consideration.

*Porter* v. *Investors Syndicate, supra,* is not controlling. Section 3906 Montana Codes was not there in question. And while the opinion may suggest reasons for challenging its validity, the Montana courts have not spoken; until they do we cannot treat the statute as non-existent. The essential remedy in the state courts does not emerge from the probability that the statute expressly prohibiting it may hereafter be declared ineffective. *Pacific Telephone & Telegraph Co.* v. *Kuykendall,* 265 U. S. 196, 203–205.

*Reversed.*

MR. JUSTICE STONE took no part in the consideration or decision of these cases.