MICHIGAN GAS UTILITIES COMPANY
*v.*
PUBLIC SERVICE COMMISSION

1. PUBLIC SERVICE COMMISSIONS—RATE ORDER—EQUITY—INJUNC-
TION—STATUTES.

   The Ingham County Circuit Court has authority under its general
   equity jurisdiction to grant an injunction enjoining the en-
   forcement of a Public Service Commission rate order; how-
   ever, such relief can be granted only within the framework
   of the statute governing appeals from the Public Service Com-
   mission (MCLA § 462.26[a]).

2. PUBLIC SERVICE COMMISSIONS—RATE ORDER—INJUNCTION—AC-
CELERATED JUDGMENT.

   Accelerated judgment for defendant Public Service Commission
   was properly granted where plaintiff's action for an injunc-
   tion enjoining the enforcement of a Public Service Commis-
   sion rate order was filed in the Ingham County Circuit Court
   more than 30 days after the issuance of the order (MCLA
   § 462.26[a]).

Appeal from Ingham, Jack W. Warren, J. Sub-
mitted Division 2 September 22, 1970, at Lansing.
(Docket No. 9,705.)   Decided October 27, 1970.

Complaint by Michigan Gas Utilities Company
against Michigan Public Service Commission for a
preliminary injunction to enjoin enforcement of a
rate order.   Accelerated judgment for defendant.
Plaintiff appeals.   Motion to affirm granted.

REFERENCES FOR POINTS IN HEADNOTES
[1] 43 Am Jur, Public Utilities and Services §§ 90, 190.
[2] 41 Am Jur, Pleading §§ 335–343.
   43 Am Jur, Public Utilities and Services § 232.

*Snyder, Ewert, Ederer & Parsley,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David P. Van Note,* Assistant Attorney General, and *Walter V. Kron,* Assistant Attorney General, for defendant.

Before: QUINN, P. J., and McGREGOR and BRONSON, JJ.

PER CURIAM. Plaintiff appeals from an order of the Ingham County Circuit Court in which the court granted defendant's motion for accelerated judgment and dismissed the complaint. Defendant moves to affirm.

On November 12, 1969, the defendant Michigan Public Service Commission issued an order prescribing rates to be charged by plaintiff company. That order contained, *inter alia,* the following provision:

"It is further ordered that in the event the federal income tax surcharge expires or is reduced, Michigan Gas Utilities Company shall promptly file rate schedules reducing its rates by the amount of the tax reduction. Such reduced rates shall be effective within thirty days of the effective date of the tax reduction."

Plaintiff did not appeal from that order within 30 days as required by MCLA § 462.26(a) (Stat Ann 1970 Rev § 22.45) which governs appeals from orders of the Michigan Public Service Commission.

"Sec. 26(a) Grounds for action, procedure. Any common carrier or other party in interest, being dissatisfied with any order of the commission fixing any rate or rates, fares, charges, classifications, joint rate or rates, or any order fixing any regulations,

practices or services, may within 30 days from the issuance of such order and notice thereof commence an action in the circuit court in chancery for the county of Ingham, against the commission as defendant to vacate and set aside any such order * * * ."

On January 23, 1970, after expiration of the statutory appeal period, plaintiff filed an original action in which it sought to enjoin the enforcement of the portion of the commission order quoted above. The injunction if granted would have had the effect of vacating the portion of the order complained of, the same relief provided by § 26(a). Defendant filed a motion for accelerated judgment and the trial court granted the motion and dismissed the complaint on the ground that the court was without jurisdiction in the matter and plaintiff was barred from appeal because it had not commenced an action within the 30 day period prescribed by § 26(a).

Plaintiff claims that, notwithstanding the provisions of § 26(a), *supra,* the court has general equity jurisdiction to grant the injunction as requested even though the relief sought is, in effect, identical to that provided by § 26(a). Plaintiff cites a number of cases. However, those cases fail to support this position.

Plaintiff's claim is without merit. In *Michigan Bell Telephone Company* v. *Ingham Circuit Judge* (1949), 325 Mich 228, 233, 234, the Supreme Court said:

"In this type of cases the procedure before the commission and thereafter in the circuit court is purely statutory. * * * It is too plain even to justify comment that this procedure is designed to accomplish speedy final determination of issues of the character here involved.

* * *

"In this connection plaintiff contends it is within the general equity jurisdiction of the court to secure to plaintiff its constitutional right of protection against confiscatory rates. The Michigan statute does vest that power in the court by the grant of review of the commission's rate orders. Resort thereto has been had in the instant case, and the matter is still pending in the circuit court ready for final decree based on the record made. But the conduct of such proceedings should be as provided in the applicable statute above cited which contemplates expeditious determination of rate controversies. * * * Obviously there must be a termination at some point to a rate controversy. Otherwise no practical result can be accomplished in such proceedings. Holding to that effect is not a deprivation of due process of law." 325 Mich at pp 233, 234.

This conclusion was reiterated by the court in *General Telephone Company of Michigan* v. *Public Service Commission* (1954), 341 Mich 620, where the Court said:

" 'Rate-making proceedings relating to telephone companies before the public service commission and review thereof by the circuit court are purely statutory and are designed to accomplish speedy final determination of issues involved.

" 'The circuit court is vested with the general equity jurisdiction to protect a telephone company from confiscatory rates being fixed by the public service commission.' "

Thus, the circuit court does have authority under its general equity jurisdiction to grant the relief sought by plaintiff. However, such relief may neither be sought nor granted except within the framework of MCLA § 462.26(a) (Stat Ann 1970 Rev § 22.45).

The motion to affirm is granted.