The **MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, a Colorado corporation, Plaintiff,**

v.

**ARIZONA CORPORATION COMMISSION et al., Defendants.**

**Civ. No. 71–348.**

United States District Court, D. Arizona.

Sept. 3, 1971.

Fennemore, Craig, von Ammon & Udall, Philip E. von Ammon, Phoenix, Ariz., for plaintiff.

Gary K. Nelson, Atty. Gen., Charles S. Pierson, Asst. Atty. Gen., Phoenix, Ariz., for defendants.

## OPINION

Before KOELSCH, Circuit Judge, and COPPLE and EAST, District Judges.*

EAST, District Judge:

### STATEMENT OF CASE

The Mountain States Telephone and Telegraph Company (Company) is a corporation organized and existing under the laws of the State of Colorado, authorized to do business, but not having a principal place of business, as an intrastate and interstate telephone company, within the State of Arizona.

The Defendant Arizona Corporation Commission is a constitutional political subdivision of the State of Arizona (Commission) and the individually above-captioned and named defendants are parties in their respective capacities as members of the Commission.

On April 14, 1971, the Company filed with the Commission an application for both a permanent and an interim increase in the rates and charges made to its customers for intrastate service in Arizona, and on May 18 supplemented the application with written schedules increasing its charges and a notice that the revised tariffs would go into effect thirty days later. Thereafter the Commission set, on a tentative basis, November 15, 1971, for the commencement of its hearing of Company's application for "a permanent increase of rates and charges."

On June 15, 18, 1971, the Commission heard only the application for the "interim increase of rates and charges", and on June 23, 1971, issued its Opinion and Order (Decision No. 41371) ordering, *inter alia*, a denial of " * * * the application of (Company) for allowance of an interim rate change to be

---

* Honorable M. Oliver Koelsch, U. S. Circuit Judge for the Ninth Circuit, William P. Copple, U. S. District Judge for the District of Arizona, and William G. East, U. S. District Judge, retired, for the District of Oregon, constituting a statutory three-judge district court by designation dated July 9, 1971.

filed pending establishment of permanent rates."

Decision 41371 further found that the " * * * Commission's engineering and accounting studies cannot be completed prior to (November 15, 1971).", and that date " * * * is the earliest possible time that the Commission could entertain the application."

On June 30, 1971, the Company instituted these equitable proceedings alleging, *inter alia*, that the " * * * rates, tolls and charges (presently) collected by (Company) for intrastate telephone service in the State of Arizona were fixed pursuant to an order of the Commission made and entered November 6, 1954 * * * "; that Decision 41371 " * * * operates as a taking of the property of (Company) and of the holders of (Company's) issued and outstanding securities without due process of law in violation of Section 1 of the 14th Amendment to the Constitution of the United States." and that " * * * the requirement by the Commission that (Company) continue to provide telephone service at a level of rates, tolls and charges which are confiscatory has the effect of interfering with interstate commerce."

On July 13, 1971, Judge Copple entered an Order to Show Cause why a preliminary injunction shall not issue restraining the Commission from enforcing the order of the Commission and from interfering with the collection by Company of the charges set forth in the tariffs filed May 18 pursuant to such conditions as the Court may fix with respect to refund. It is the application for a preliminary injunction which is now before the Court.

## FACTS

The parties stipulated in writing filed herein, *inter alia*, that " * * * the transcript of proceedings before the Arizona Corporation Commission, the documents on file in the office of the Commission, including the exhibits offered and received in the proceedings before the Commission, the pleadings therein and the order of the Commission entered June 23, 1971, shall constitute all of the testimony and evidence to be presented at the hearing on the Motion for Preliminary Injunction except as the Court may otherwise permit at the time of oral argument on the Motion." The Court has that transcript before it.

## JURISDICTION

■ It appears under the allegations of the Complaint as fortified by the evidence that a substantial federal question is involved herein. Oklahoma Natural Gas Company v. Russell, 261 U.S. 290, 43 S.Ct. 353, 67 L.Ed. 659 (1923), and Gold v. Lomenzo, 425 F.2d 959 (2nd Cir. 1970), teach that at the threshold this three-judge District Court has jurisdiction pursuant to Sec. 2284, Title 28 U.S. C.A., to be ousted only by the one pertinent condition, if existent, of Sec. 1342, Title 28 U.S.C.A. (Johnson Act), viz:

" * * * a plain, speedy and efficient remedy may be had (by Company) in courts of (Arizona)."

Both the constitution and statutes of Arizona provide for a judicial review of the decisions of the Commission and expressly provide that throughout the judicial review " * * * the Commission's orders shall remain in force * * * " without judicial restraint.

On this phase we conclude that the constitutional and statutory arrangement in Arizona deprives Company of a plain, speedy and efficient judicial remedy in the courts of Arizona and renders non-existent the mentioned condition of the Johnson Act. Mountain States Power Company v. Public Service Commission of Montana, 299 U.S. 167, 57 S.Ct. 168, 81 L.Ed. 99 (1936); and Driscoll v. Edison Light & Power Company, 307 U. S. 104, 59 S.Ct. 715, 83 L.Ed. 1134 (1939).

The Commission takes the position that notwithstanding the above constitu-

tional and statutory legal hiatus the Arizona Supreme Court's Rules of Procedure for Special Actions 1 to 8, inclusive, supplants the common law writs of certiorari, mandamus and prohibition and such interlocutory orders and stays as are ancillary to these writs and affords Company with the adequate judicial remedy required by the Johnson Act. This position is premised on the contention that Decision 41371 is a quasi-judicial order not upon the merits of the application for interim increased rates and charges but only upon the Commission's self-initiated inquiry of the existence of an emergency facing the Company justifying an interim increase pending the hearing for permanent increases—this inquiry assertedly being a part of the "inherent powers" of the Commission to grant emergency relief as distinguished from full-dress rate fixing.

On this phase we conclude that Decision 41371 was made and entered in the course of the Commission's rate-fixing business and as a delegated legislative function and was not a housekeeping or regulatory quasi-judicial or administrative order, hence no Special Action remedy is available to Company. A "No" answer is just as much rate fixing as an unreasonably low "Yes". Peoples Gas Light & Coke Co. v. Slattery, 373 Ill. 31, 25 N.E.2d 482 (1940); and Arizona Corporation Commission v. Superior Court, 107 Ariz. 24, 480 P.2d 988 (1971).

■ Lastly, we conclude that this Court holds general equitable powers to enjoin orders of state regulatory agencies which fix confiscatory rates or deny a utility the right to establish reasonable rates upon an appropriate showing of irreparable injury. Prendergast v. New York Telephone Company, 262 U.S. 43, 43 S.Ct. 466, 67 L.Ed. 853 (1923). *See* Arizona Corporation Commission v. Mountain States Telephone and Telegraph Company, 71 Ariz. 404, 228 P.2d 749 (1951).

## DISCUSSION AND CONCLUSIONS

■ Although there is some evidence which tends to support the Company's contention that Decision 41371 compels Company to operate under rates which are confiscatory, it is unnecessary to make a finding on that issue now, and for the present purposes we will accept the contention. However, the Commission is dealing with Company's application for permanent increases, and we cannot say that the setting of November 15, 1971, for the commencement of its hearing thereon is an unreasonably distant date or delay or any badge of dilatory or arbitrary attitude on the part of Commission leading to the Company's irreparable injury and damage.

We conclude that since the Commission has fixed the not unreasonably distant date of November 15, 1971, for the final hearing the equities are with the Commission in the matter of Company's application for an interlocutory injunction and the same should be denied, *Prendergast, supra*; further, that this cause should abate pending the Commission's timely hearing and determination of Company's application for permanent increase of rates and charges and until further order herein, upon the motion of the Court or any interested party.

This Opinion shall constitute the Court's Findings of Fact and Conclusions of Law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

Counsel for the Commission is requested to submit and serve appropriate order within fifteen (15) days from the date hereof.