CONSUMERS POWER COMPANY v PUBLIC SERVICE
COMMISSION

1. PUBLIC SERVICE COMMISSIONS—RATES—PRESUMPTIONS—STATUTES.

All rates set by the Public Service Commission are prima facie
lawful and reasonable (MCLA 462.25).

2. PUBLIC SERVICE COMMISSIONS—RATES—REASONABLE COSTS—FUTURE
COSTS.

Just and reasonable rates, so far as a regulated public utility is
concerned, are such as are sufficient to cover all reasonable
costs of doing business, and the Public Service Commission
should consider such factors as they will influence yields for a
reasonable time in the future.

3. PUBLIC SERVICE COMMISSIONS—RETROACTIVE RATES—FUTURE RATES.

The Public Service Commission cannot establish a retroactive
rate and thereby correct injustice caused by delay in establish-
ing rates for the past but every reasonable effort should be
made to eliminate unnecessary delay and to pass judgment on
facts that will not only reflect upon the present but a reasona-
ble period in the future.

4. PUBLIC SERVICE COMMISSIONS—RATES—FUTURE TAX REDUCTION—
REASONABLENESS.

The Public Service Commission may properly set a rate with a
built-in automatic reduction to take place on the occurrence of
an expected event—a reduction of a Federal tax surcharge; the
rate will not be overturned on appeal where the utility fails to
prove that the commission's order concerning the tax surcharge
was unreasonable.

Appeal from Ingham, Ray C. Hotchkiss, J. Sub-
mitted June 6, 1975, at Lansing. (Docket No.
20387.) Decided October 14, 1975. Leave to appeal
denied, 396 Mich 817.

REFERENCE FOR POINTS IN HEADNOTES
[1–4] 64 Am Jur 2d, Public Utilities §§ 240–243.

Complaint by Consumers Power Company against the Public Service Commission to set aside an order of the commission fixing gas and electricity rates following plaintiff's petition for a rate increase. The Attorney General intervened. Partial summary judgment for defendant. Plaintiff appeals. Affirmed.

*Harold P. Graves, James B. Falahee* and *Snyder, Loomis, Ewert, Ederer & Parsley,* for plaintiff.

*Walter V. Kron,* Assistant Attorney General, for defendant.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Hugh B. Anderson,* Assistant Attorney General, for intervening defendant.

Before: Bashara, P. J., and J. H. Gillis and M. F. Cavanagh, JJ.

J. H. Gillis, J. In April and July of 1968, Consumers Power Company (hereinafter referred to as Consumers) petitioned the Michigan Public Service Commission (hereinafter referred to as MPSC) for an increase in its gas and electricity rates. Extensive public hearings were held on the matter, beginning in November 1968 and concluding in June 1969. On September 23, 1969, the MPSC granted Consumers a rate increase, though not in the amount requested. The MPSC order contained the following clause:

" * * * that in the event the Federal Income Tax Surcharge expires or is reduced, Consumers Power Company shall promptly file rate schedules reducing its rates by the amount of the tax reduction. Such reduced

rates shall be effective within 30 days of the effective date of the tax deduction."

The Federal Income Tax Surcharge, to which the MPSC order referred, was first enacted as part of the Revenue and Expenditure Act of 1968. By the terms of the act, the 10 percent surcharge was to expire on June 30, 1969. At the time that the evidentiary record was closed on Consumers' applications for rate increases, the Federal Income Tax Surcharge was scheduled to expire approximately one week later.

Following the close of the evidentiary record before the Commission, but prior to the Commission's order, Congress, on August 9, 1969, reenacted the surcharge retroactive to July 1, 1969, for a 6-month period, the tax to expire on December 31, 1969. On December 30, 1969, the surcharge was reenacted at one-half the previous rate (5 percent), effective January 1, 1970 and expiring June 30, 1970. No further action was taken by Congress, and the income tax surcharge, at the 5 percent rate, did in fact expire by its own terms on June 30, 1970.

Soon after the MPSC ruling, Consumers filed its statutory appeal in the Ingham County Circuit Court. In its complaint, Consumers alleged that the MPSC order was "unreasonable, unlawful, confiscatory, noncompensatory, discriminatory and contrary to the great weight of the evidence". Consumers also contended that the portion of the order dealing with the tax surcharge was unlawful because while it mandated automatic reduction of rates if the tax was repealed, it did not allow Consumers the opportunity to show that other expenses had unexpectedly risen between the time the order was issued and the tax was repealed.

On February 3, 1970, Consumers obtained a preliminary injunction from the Ingham County Circuit Court. The injunction allowed Consumers to ignore that portion of the MPSC order dealing with the tax surcharge and related rate reduction.

It was not until three years later that Consumers moved to supplement its original complaint. In March, 1973, they sought partial summary judgment on the issue of the validity of the tax surcharge clause. The MPSC counterclaimed, seeking a partial summary judgment declaring the provision valid. In March of 1974, the trial judge dissolved the temporary injunction and granted partial summary judgment to the MPSC, declaring the tax surcharge provision valid in all respects. It is that partial summary judgment which the parties appeal.

It is important to first note that this appeal is one of very limited scope. The bulk of the case remains in the Ingham County Circuit Court. We are to decide only whether the MPSC may properly set a rate with a built-in automatic reduction to take place on the occurrence of an expected event—a reduction of a Federal tax.

We start with the basic premise that all rates set by the MPSC are, "prima facie, lawful and reasonable". MCLA 462.25; MSA 22.44. In the instant case the contested clause appears imminently reasonable to us. The MPSC was well aware that the tax surcharge was due to expire shortly, and did not wish Consumers to be able to employ a rate based on the 10 percent surcharge after that surcharge had expired. On the other hand, MPSC was aware that if they completely ignored the surcharge in setting the rate, Consum-

ers would be unfairly damaged because they then could never recover the money lost.[1] The MPSC solution was to take a middle ground that avoided hardship to both Consumers and their paying customers.

Prior Michigan cases establish the principle that a regulating body may look to the near future to ascertain factors which will aid in establishing a just rate:

> "To meet this test and provide rates that are 'just and reasonable' the commission should consider not only all reasonable costs of doing business * * * but should also consider these factors as they will influence yields for a reasonable time in the future. (Citation omitted.)
>
> " * * * When failure to provide adequate rates in the past cannot be remedied by retroactive orders, it follows that every reasonable effort should be made by the commission to eliminate unnecessary delay and to pass judgment on facts that will not only reflect upon the present but a reasonable period in the future." *General Telephone Co v Public Service Commission,* 341 Mich 620, 631–632; 67 NW2d 882, 887 (1954).

We think that Consumers has failed to prove that the MPSC order concerning the tax surcharge was unreasonable.

Consumers' claim that the MPSC failed to consider any other future events in setting the rate is not supported by the record. Finally, the other issues raised by Consumers on appeal are matters which concern that portion of the case still in Ingham County Circuit Court.

The partial summary judgment is affirmed *in toto.* No costs, a public question being involved.

---

[1] Michigan law forbids the use of retroactive rates to recover past nonrecurring expenses. *Michigan Bell Telephone Co v Public Service Commission,* 315 Mich 533; 24 NW2d 200 (1946).