**SOUTH CENTRAL BELL TELEPHONE COMPANY, Plaintiff,**

v.·

**PUBLIC SERVICE COMMISSION OF KENTUCKY et al., Defendants,**

v.

**CONSUMER PROTECTION SERVICE, COMMONWEALTH OF KENTUCKY, Intervenor.**

Civ. A. No. 76–25.

United States District Court,
E. D. Kentucky.

Sept. 24, 1976.

Lively M. Wilson, Stites, McElwain & Fowler, William S. Connolly, Louisville, Ky., W. M. Booker, Jr., Birmingham, Ala., for plaintiff.

Morris E. Burton, Frankfort, Ky., for defendants.

James E. Rogers, Jr., Consumer Protection Div., Commonwealth of Kentucky, Laura Murrell, Frankfort, Ky., for intervenor.

SILER, District Judge.

This case is before the Court on plaintiff's request that a three-judge court be empaneled to consider its application for an injunction prohibiting the Kentucky Public Service Commission (hereinafter Commission) and its members, sued in their individual and official capacities, from enforcing the Commission's order of December 31, 1975, which allowed an increase in rates substantially below those sought by plaintiff.

The motion of the Consumer Protection Division of the Kentucky Attorney General's Office (hereinafter Intervenor) for leave to intervene was granted on July 9, 1976, and it has filed a motion to dismiss on several grounds.

■ However, when a three-judge court is requested, the power of a single-judge is limited by 28 U.S.C. § 2284(5), which provides in part: "[a] single judge shall not . . . dismiss the action, or enter a summary or final judgment." This limitation narrows the appropriate inquiry for a single-judge to "whether the constitutional question raised is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the case presented otherwise comes within the requirements of the three-judge statute." *Idlewild Bon Voyage Liquor Corp. v. Epstein,* 370 U.S. 713, 715, 82 S.Ct. 1294, 1296, 8 L.Ed.2d 794 (1962).

■ Before reaching these questions, however, this Court, as a court of limited jurisdiction, must inquire whether it has jurisdiction of plaintiff's claim. The United States Supreme Court has "always recognized a single judge's power to dismiss a complaint for want of general subject-matter jurisdiction, without inquiry into the additional requisites specified in §§ 2281 and 2282." *Gonzalez v. Automatic Employees Credit Union,* 419 U.S. 90, 97 n. 14, 95 S.Ct. 289, 294, 42 L.Ed.2d 249 (1974).

For the reasons set out, *post,* we conclude that this Court does not have jurisdiction of plaintiff's claim and that it must, therefore, be dismissed.

## JURISDICTION

We have no difficulty with plaintiff's jurisdictional allegations. The appropriate jurisdictional statutes (28 U.S.C. §§ 1331, 1332, and 1343), as well as the bases for plaintiff's cause of action (the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983) and the amount in controversy are all adequately pled. Moreover, plaintiff's claim that the Commission's reduction in its proposed rates deprives it of property without due process of law is a constitutional issue normally cognizable in the federal courts. *Mountain States Power Co. v. Public Service Comm'n,* 299 U.S. 167, 170, 57 S.Ct. 168, 81 L.Ed. 99 (1936).

However, the Intervenor contends that the Johnson Act, 28 U.S.C. § 1342, deprives this Court of jurisdiction. That act provides:

The district courts shall not enjoin . . . the operation of, or compliance with, any order affecting rates chargeable by a public utility and made by a State administrative agency . . . where:

(1) Jurisdiction is based solely on diversity of citizenship or repugnance of the order to the Federal Constitution; and,

(2) The order does not interfere with interstate commerce; and,

(3) The order has been made after reasonable notice and hearing; and,

(4) A plain, speedy and efficient remedy may be had in the courts of such state.

This Court has jurisdiction unless all four of these conditions are met.

Plaintiff's jurisdictional allegations discussed *ante,* are based on diversity (28 U.S.C. § 1332) and repugnance of the order to the Federal Constitution (28 U.S.C. §§ 1331, 1343). Thus, the first condition is met.

■ In paragraph 15(d) of the complaint, plaintiff alleges that the Commission's order "imposes an undue burden on interstate commerce." We do not understand this allegation to be an attempt to come within 28 U.S.C. § 1342(2). Plaintiff's main and

reply briefs do not address this issue and no authority is cited on this point. If plaintiff's position is that the order complained of "*interferes* with interstate commerce," we suspect it would have addressed the issue in its reply to Intervenor's Memorandum in which it is asserted at pages 8–9: "They (plaintiff) do not question the applicability of the other three conditions, for it is clear that jurisdiction is based solely on repugnance of the Order to the Federal Constitution; that the Order does not interfere with interstate commerce and that the Order has been made after reasonable notice and hearing."

The phrase "interfere with interstate commerce" is somewhat nebulous. We do not believe it relates to the issue of whether a rate is confiscatory. To so hold would obligate us to decide the case on the merits in order to determine whether jurisdiction was present. The Johnson Act expresses Congress' intent that, absent special circumstances, state utility rates are a matter for state regulation. *Zucker v. Bell Telephone Co.*, 373 F.Supp. 748 (E.D.Pa.1974), *aff'd*, 510 F.2d 971 (3d Cir.), *cert. denied*, 422 U.S. 1027, 95 S.Ct. 2621, 45 L.Ed.2d 684 (1975). We believe that "state agency orders applicable to *intra* state telephone rates do not *interfere* with interstate commerce." (Emphasis supplied.) Id. at 751.

Plaintiff has neither alleged nor argued that it lacked notice or opportunity to be heard before the Commissioner's order was issued. The Court finds that the third condition is met.

## STATE COURT REMEDY

■ Plaintiff's only contention regarding jurisdiction is that a "plain, speedy and efficient remedy" may *not* be had in the Kentucky courts. At this point, a brief review of the facts may be helpful.

Plaintiff filed with the Commission notice of proposed rates and charges for certain Kentucky services. The Commission suspended the proposed rates pending its investigation. However, the proposed rates went into effect five months later due to the failure of the Commission to rule on them within that statutory period. KRS 278.190(2). Ultimately, the Commission approved lower rates and charges than those proposed by plaintiff and ordered a refund of revenues collected in excess of the approved rates.

Plaintiff appealed to Franklin Circuit Court. That court enjoined enforcement of the Commission's order pending review.

The Kentucky Supreme Court, in *Commonwealth, ex rel. Stephens v. South Central Bell Telephone Co.*, (No. 86,665 decided June 25, 1976), vacated the injunction and held that, in rate cases, a Kentucky court may grant injunctive relief only if it finds that "an emergency exists or that the company's credit or operations will be materially impaired or damaged by the failure to permit said rates to become effective." *Id.* at 7. "Emergency" was defined by example as including situations where "the company is incurring a loss on its Kentucky operations or is unable to pay accruing interest on the company's bonds allocated to its Kentucky property." *Id.*

This standard for interlocutory relief, in plaintiff's view, denies it a "plain, adequate and speedy remedy by which it can avoid the confiscation of its property pending a decision of the case on its merits." The essence of plaintiff's argument is that "where state law denies injunctive relief from confiscatory rates pending a review of the rate-making Commission's order, as is the case in Kentucky, the utility has no 'plain, speedy, and efficient remedy' . . . . ."

In making this argument, plaintiff assumes, as it must, that the rate set by the Commission's order is confiscatory, and that it will be "irreparably harmed" if it is not permitted to collect that rate pending judicial review. (Plaintiff points out that, if it ultimately prevails in the courts, it cannot go back and collect the difference in the proposed and present rates from its customers; whereas, if it is allowed the proposed rate pending review, it can refund the difference if the Commission's order is upheld by the courts.)

The Kentucky Supreme Court has, apparently, adopted the view that a rate order that merely reduces profits is not confiscatory. *Commonwealth, ex rel. Stephens v. South Central Bell Telephone Co., supra* at 4. It also specifically held that the "emergency" test for *injunctive* relief "does not include a return upon the equity value of its property represented by its common stock." *Id.* at 7. (One of plaintiff's contentions is that the rate increase ultimately allowed by the Commission will not produce the overall rate of return (8.95%) or the rate of return on equity (11.0%) which the Commission concluded would allow plaintiff to maintain its financial integrity and raise expansion capital.)

It is not this Court's prerogative or desire to review the correctness of the Kentucky Supreme Court's view of when a rate is confiscatory. The appropriate forum to do so is the United States Supreme Court. The present standards for injunctive relief in Kentucky rate cases, when coupled with the remedies available for *judicial review,* afford plaintiff a "plain, speedy and efficient remedy" under 28 U.S.C. § 1342(4).

The authorities on which plaintiff relies do not require a contrary result. *Oklahoma Natural Gas Co. v. Russell,* 261 U.S. 290, 43 S.Ct. 353, 67 L.Ed. 659 (1923), was decided prior to the passage of the Johnson Act in 1934. The Court assumed that *jurisdiction* was present. Passed some eleven years later, the Johnson Act severely restricted federal court jurisdiction in the "rate making" area.

The Court is not unmindful of the language in certain other cases cited by plaintiff which is susceptible of the interpretation that injunctive relief, *in addition to* the available legal remedy, is a necessary ingredient of the "plain, speedy, and efficient remedy" contemplated by 28 U.S.C. § 1342(4). Note, for example, the characterization of injunctive relief as "the essential remedy," *Mountain States Power Co. v. Public Service Comm'n, supra,* 299 U.S. at 170, 57 S.Ct. 168; and the statement in *Driscoll v. Edison Light & Power Co.,* 307 U.S. 104, 110, 59 S.Ct. 715, 718, 83 L.Ed.

1143 (1939), that "[t]he remedy at law by appeal is ineffective to protect the utility's position *pendente lite.* The supersedeas does not postpone the application of the temporary rates." We note, however, that, in both of these cases, as well as in *Mountain States Telephone & Telegraph Co. v. Arizona Corporation Commission,* 331 F.Supp. 1167 (D.Ariz.1971), the respective courts dealt with state schemes which effectively prohibited *any injunctive relief.*

It cannot be said of the Kentucky Supreme Court's decision that it *denies* injunctive relief in rate cases. While the standard adopted by the Court is arguably narrower than the "irreparable harm" standard governing traditional injunctive relief, we do not believe that it demonstrably or significantly reduces the availability of injunctive relief in Kentucky rate cases.

Also, a careful reading of the opinion, particularly the concurring opinion of Chief Justice Reed, demonstrates the Kentucky Court's concern that the only finding of fact supporting "irreparable harm" made by the lower Court was that plaintiff would lose, without the possibility of recoupment, the revenues represented by the difference in the present and proposed rates during the time required for judicial review. It is, therefore, not a certainty that plaintiff could not secure injunctive relief from the lower court under the present standard.

We note that a number of courts have upheld *statutory* review schemes similar to Kentucky's. *See, e. g., Zucker v. Bell Telephone Co., supra,* and *Klotz v. Consolidated Edison Co.,* 386 F.Supp. 577 (S.D.N.Y.1974). Plaintiff does not complain of the scheme of judicial review provided in Kentucky's statutes. See KRS 278.410, .450 and 28 U.S.C. § 1257(2).

Finally, the Court notes that, when first enacted in 1934, the phrase under consideration read: "Where a plain, speedy, and efficient remedy may be had *at law or in equity* in the courts of such State." (Emphasis supplied.) 48 Stat. 775 (1934). The reviser's note to our present statute, 28 U.S.C. § 1342, tells us that the modifying words "at law or in equity" were later

omitted as "unnecessary." We believe, therefore, that Kentucky's *statutory* scheme, *standing alone,* affords plaintiff a "plain, speedy and efficient remedy." It follows that, even if the standard for injunctive relief is somewhat stricter than that traditionally followed by courts of equity, the total remedy available also meets 28 U.S.C. § 1342.

All the conditions of 28 U.S.C. § 1342 are met and this Court is, therefore, without jurisdiction to hear plaintiff's case. It will be dismissed for lack of jurisdiction by separate order entered this even date.