340 So.2d 1300 (1976)
SOUTH CENTRAL BELL TELEPHONE COMPANY, Appellant,
v.
LOUISIANA PUBLIC SERVICE COMMISSION, Appellee.
No. 58558.
Supreme Court of Louisiana.
October 21, 1976.
Rehearing Denied November 5, 1976.
Norman C. Frost, J. Robert Fitzgerald, Birmingham, Ala., M. Robert Sutherland, Victor A. Sachse, Breazeale, Sachse & Wilson, Baton Rouge, for plaintiff-appellant.
Marshall B. Brinkley, Gen. Counsel, LPSC, Baton Rouge, Saul Stone, Michael R. *1301 Fontham, Anthony M. DiLeo, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, for defendant-appellee.
TATE, Justice.
The issue posed by this appeal is whether, pending review of its application to secure higher rates, the plaintiff utility is entitled to interim relief, by way of preliminary injunction, permitting it to charge increased rates allegedly shown to be justified by affidavits filed on its behalf.
By the principal demand, the plaintiff utility ("South Central Bell") seeks judicial review of the defendant commission's denial of a rate increase. Suit was filed for this purpose in the district court of the commission's domicile, as authorized by Article 4, Section 21E, La. Constitution of 1974. See also La.R.S. 45:1192, which provides for preferential hearing and speedy determination of such suits.
The present appeal does not concern the merits of the rate increase sought. Ancillary to the principal demand for judicial review, the petition prays for a preliminary injunction authorizing the utility to impose increased rates (subject to refunding, if found to be unwarranted, and under proper bonding to protect subscribers' refunds) in order allegedly to prevent confiscation of the utility's investment pending judicial review. La.C.Civ.P. arts. 3601 et seq. The present appeal is solely from the trial court's denial of such interlocutory relief. La.C.Civ.P. art. 3612.
In denying the relief, the trial court noted that South Central Bell had earned a rate of return of 8.6% on equity during 1975. It further noted that, although on South Central Bell's showing, the rate for 1976 may have slipped below this return, "there is no indication that its earnings have dropped so drastically as to project an impending financial crisis or a serious curtailment of operations".
The trial court therefore held that South Central Bell had not made the exceptional showing of irreparable injury required before interlocutory injunctive relief may be afforded against the presumptively-valid determinations of the commission, constitutionally entrusted with primary responsibility in rate determinations. Central La. Tel. Co. v. Louisiana Pub. Serv. Comm., 262 La. 819, 264 So.2d 905 (1972). The court further rejected "the extraordinary relief" sought by South Central Bell, under the present circumstances, "where the usual and customary judicial review of the Commission's order may be completed with a minimum of delay."
We find no reason to disturb the findings or conclusions of the trial court. Absent a showing of confiscation of property violating federal due process (Fourteenth Amendment) or state property-protection (Article 1, Section 4, La. Constitution) constitutional guarantees, the courts should not, under long-established principles, afford interim injunctive relief pending our constitutionally-established method of orderly judicial review of the commission's rate determinations. The showing is not here met.
In South Central Bell Tel. Co. v. La. Pub. Serv. Com'n., 256 La. 497, 236 So.2d 813 (1970), we likewise rejected a request for interim injunctive relief to permit a rate increase pending final determination of a rate-increase application by the utility. For the reasons there set forth, 236 So.2d 816-17, we likewise affirm the present rejection of a similar request for interim injunctive relief permitting court-imposition of a rate-increase prior to full judicial review of whether it is warranted in whole or in part:
"Under Article 6, Sections 3-9, of the [1921] Constitution of Louisiana [now Article 4, Section 21, La.Const. of 1974] the Public Service Commission has exclusive jurisdiction in the first instance to fix or change any rate to be charged by a public utility, and the courts are without power to fix or change rates until that Commission has acted. Nevertheless, a violation of constitutional rights, such as confiscation of property, would require a court to exercise the necessary authority to grant relief from the constitutional abuse.
"The Company's contention, simply stated, is that, principally because of the increased *1302 cost for acquisition of capital, present rates and charges for services yield a rate of return so inadequate as to be confiscatory, and that it must be allowed an immediate rate increase. * * *
"We need not, indeed we cannot, determine what are valid permanent rates and charges. We can determine only whether a continued imposition of present tariffs would constitute confiscation of the Company's property. Although it may be that the Company should receive a higher rate of return on its investment and is entitled to have the Commission fix rates and charges which will produce such a return, the record does not justify a finding that the present rate of return is so inadequate as to be confiscatory. * * *
"We reiterate: We are not here concerned with a determination of reasonable telephone rates and charges or with a valid yield of return on the Company's investment for its operations. We pass only upon the question of whether the Commission's action or inaction amounts to a constitutional violationthat is, confiscation of the Company's property. We hold that the Company has failed to establish that the Commission's enforcement of present rates is tantamount to confiscation."
See also: South Cent. Bell Tel. Co. v. Louisiana Pub. Serv. Com'n., 272 So.2d 667 (La.1973); Southern Bell Tel. & Tel. Co. v. Louisiana Pub. Serv. Com'n., 232 La. 446, 94 So.2d 431 (1957); Southern Bell Tel. & Tel. Co. v. Louisiana Pub. Serv. Com'n., 183 La. 741, 164 So. 786 (1935).
As the cited decisions hold, a utility does not demonstrate irreparable injury for purposes of interlocutory injunctive relief simply upon its ex parte showing, in advance of full judicial review, that the rates ordered by the commission might be adjusted upward after full judicial review:
The issue as thus posed would require a judicial evaluation of the merits of the rate-increase, in advance of the full and orderly review of the issue contemplated by our state constitution. The courts will not attempt such piecemeal interlocutory review, in derogation of the full judicial review contemplated by our constitution.
During the pendency of judicial review, the rates determined by the commission remain in effect. No interlocutory injunctive relief is available to the utility, unless the rates so fixed are indisputably shown to be violative of constitutional rights protecting property rights against confiscatory treatment.
Mere temporary (claimed) inadequacy of rates does not satisfy the exceptional showing of unconstitutional confiscation required before the courts may afford interlocutory injunctive relief. In the absence of such showing, our state constitution contemplates that, pending judicial review, the rates ordered by the commission will remain in effect as presumptively valid until modified, after full hearing on the merits, upon judicial review.
Accordingly, we affirm the judgment of the trial court, which denied the interlocutory injunctive relief sought, by which plaintiff utility could have imposed higher rates pending judicial review of the merits of its application for such higher rates. The plaintiff utility is cast with the costs of the present appeal.
AFFIRMED.
SUMMERS, J., dissents and was of the opinion that a rehearing should be granted.