**LOUISIANA POWER &
LIGHT COMPANY**

v.

**George J. ACKEL, John F. Schwegmann,
Louis J. Lambert, Don L. Owen and
Thomas E. Powell.**

**Civ. A. No. 85–745–A.**

United States District Court,
M.D. Louisiana.

Aug. 12, 1985.

**446**

Andrew P. Carter, J. Wayne Anderson, Gilbert L. Hamberg, Stefan Kazmierski, W. Glen Burns, Monroe & Lemann, A.P.C., New Orleans, La., for Louisiana Power & Light Co.

Michael R. Fontham, Paul L. Zimmering, Stone, Pigman, Walther, Wittman & Hutchinson, New Orleans, La., for defendants.

Marshall B. Brinkley, Louis S. Quinn, Baton Rouge, La., for La. Public Service Comm.

R. Gordon Kean, amicus curiae, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, La., for La. Energy Users.

Richard M. Troy, Jr., amicus curiae, Asst. Atty. Gen., New Orleans, La., for State of La.

JOHN V. PARKER, Chief Judge.

In this action a Louisiana electric utility company seeks injunctive relief against the five members of the Louisiana Public Service Commission. The Commission has declined to grant the company any increase in intrastate electric rates. The need for the increase arises from the action of the Federal Energy Regulatory Commission in establishing interstate wholesale rates which the company will be required to pay for electrical energy generated from a nuclear energy plant which has recently come on stream in Mississippi. The cost to plaintiff is approximately $12,000,000 per month and plaintiff claims that it will shortly become insolvent unless this court by injunctive order requires the members of the Public Service Commission to allow the company to "pass through" the wholesale increase which it must pay by increasing its intrastate retail rates to customers dollar for dollar.

This matter is before the court upon the motion of plaintiff, Louisiana Power & Light Company (LP&L), for a preliminary injunction and upon the motion of the defendants to dismiss for lack of subject matter jurisdiction. Defendants have also filed a motion to strike certain allegations of the complaint as "impertinent, scandalous and knowingly false." An evidentiary hearing was held upon the motion for preliminary injunction.

I hold that the Johnson Act, 28 U.S.C. § 1342, deprives this court of jurisdiction to hear this case. Accordingly, it will be dismissed for want of subject matter jurisdiction and no findings will be made relative to the motion for preliminary injunction. More detailed reasons may be handed down later. 28 U.S.C. § 1342 provides:

The district courts shall not enjoin, suspend or restrain the operation of, or compliance with, any order affecting rates chargeable by a public utility and made by a State administrative agency or a rate-making body of a State political subdivision, where:

(1) Jurisdiction is based solely on diversity of citizenship or repugnance of the order to the Federal Constitution; and,

(2) The order does not interfere with interstate commerce; and,

(3) The order has been made after reasonable notice and hearing; and,

(4) A plain, speedy and efficient remedy may be had in the courts of such State.

It is clear that LP&L does call upon this court to restrain the operation of or compliance with the intrastate rates which have been fixed by the Louisiana Public Service Commission, a state rate-making body. It is also clear, despite LP&L's attempts to shift the focus of its claims, that jurisdiction here is based solely on "repugnance of the order to the Federal Constitution."

LP&L's deprivation of property claims are all based upon the Constitution. It is well established that the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, adds no independent ground for federal district court jurisdiction, *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950), and it is well established that a utility may not make an "end run" around the Johnson Act by asserting a Civil Rights claim under 42 U.S.C. § 1983. *South Central Bell Telephone Co. v. Public Service Com'n of Kentucky*, 420 F.Supp. 376 (E.D.Ky.1976); *Kalinsky v. Long Island Lighting Co.*, 484 F.Supp. 176 (E.D.N.Y.1980); *Tennyson v. Gas Service Co.*, 367 F.Supp. 102 (D.Kansas 1973), affirmed 506 F.2d 1135 (10th Cir.1974); *De-Kalb County v. Southern Bell Telephone and Telegraph Co.*, 358 F.Supp. 498 (N.D. Georgia 1972); and *Zucker v. Bell Telephone Company of Pennsylvania*, 373 F.Supp. 748 (E.D.Penn.1974), aff'd 510 F.2d 971 (3rd Cir.1975), cert. denied 422 U.S. 1027, 95 S.Ct. 2621, 45 L.Ed.2d 684 (1975).

Jurisdiction under the Federal Power Act, 16 U.S.C. § 825p is lacking because this is not an action "brought to enforce any liability or duty created by, or to enjoin any violation" of any order of the Federal Energy Regulatory Commission. FERC Opinion No. 234 simply establishes interstate wholesale rates that LP&L must pay for power generated at the Grand Gulf Nuclear Electric Station in Port Gibson, Mississippi, and sold in interstate commerce to the members of the Middle South Utilities group. While those rates constitute real expenses to LP&L which must be accepted by the state authorities as actual operating expenses, there is nothing in the FERC Opinion that orders any state regulatory commission to "pass through" these expenses to retail customers by formula rates, as LP&L demands here. The Louisiana Public Service Commission is certainly required to consider the wholesale rates to be paid by LP&L—along with all of its other operating expenses—in determining intrastate rates, but FERC Opinion No. 234 does not command that any specific intrastate rate be increased. Hence, the Louisiana Public Service Commission is not in violation of the order and there is no jurisdiction under 16 U.S.C. § 825p.

As LP&L itself alleges, the action of the Louisiana Public Service Commission came after several public hearings on LP&L's rate application so the plaintiff may not complain of inadequate notice or hearing. The provisions of Article 4, § 21 E of the Louisiana Constitution of 1974 authorize appeals from actions of the Louisiana Public Service Commission to the state courts and LSA–R.S. 45:1192 provides for preferential hearing and speedy determination of such claims, including interim injunctive relief where appropriate. See e.g. *South Central Bell Telephone Co. v. Louisiana Public Service Commission*, 340 So.2d 1300 (La.1976).

■ The question of interference with interstate commerce is much more difficult. Where a state agency deliberately attempts to regulate the interstate sale of natural gas, *Public Utilities Commission of Ohio v. United Fuel Co.*, 317 U.S. 456, 63 S.Ct. 369, 87 L.Ed. 396 (1943), or seeks to regulate the wholesale sale of electrical energy in interstate commerce, *Federal Power Commission v. Southern California Edison Co.*, 376 U.S. 205, 84 S.Ct. 644, 11

L.Ed.2d 638 (1964), or prohibits the export to sister states of state generated hydroelectric power, *New England Power Co. v. New Hampshire,* 455 U.S. 331, 102 S.Ct. 1096, 71 L.Ed.2d 188 (1982), or directs a utility company to decline to pay federally mandated wholesale interstate costs pending state approval of the federal order, *Tri-State Generating and Transmission Association v. Public Service Commission of Wyoming,* 412 F.2d 115 (10th Cir.1969), cert denied 397 U.S. 1043, 90 S.Ct. 1348, 25 L.Ed.2d 654, then it is plain that the state agency is interfering with interstate commerce.

Here, however, the state agency has not directed LP&L to refuse to pay the wholesale rates fixed by FERC Opinion No. 234 or made any attempt to subject the federal matter to state jurisdiction. LP&L claims that the action of the Louisiana Public Service Commission in denying it any rate increase at all will push the company into insolvency and thus thwart the federal plan for allocation of costs from the Grand Gulf plant. Certainly all state rate-making action does have some influence upon or effect upon interstate commerce but these actions do not necessarily *interfere* with interstate commerce and the magnitude of the harm threatened by inadequate intrastate rates does not provide a cause for ignoring the clear mandate of the Johnson Act. *Kansas-Nebraska Natural Gas Co., Inc. v. City of St. Edward, Nebraska,* 234 F.2d 436 (8th Cir.1956), "Conceding, without deciding, that the rates are confiscatory and, hence, deprived plaintiff of its property without due process of law, it does not necessarily follow that Congress has conferred jurisdiction on the Federal Courts to determine these issues," *Id.* at 440; *Kalinsky v. Long Island Lighting Co.,* 484 F.Supp. 176 (E.D.N.Y.1980); *South Central Bell Telephone Co. v. Public Service Commission of Kentucky,* 420 F.Supp. 376 (E.D.Ky.1976). See also *Gulf Water Benefaction Company v. Public Utility Commission of Texas,* 674 F.2d 462 (5th Cir. 1982).

At trial counsel for plaintiff conceded that no member of the Public Service Com-

mission has actually violated any provision of FERC Opinion No. 234. Rather, counsel says the defendants have failed to implement the federal order by not allowing LP&L to recover its increased expenses by means of a rate increase—thus constituting an interference with interstate commerce.

In support of its argument that the action (or nonaction) of the defendants constitutes an interference with interstate commerce, LP&L relies heavily upon a decision of the Southern District of West Virginia, Civil Action No. 2:85–0098, *"Appalachian Power Co., et al v. Public Service Commission of West Virginia, et al,"* now pending on the docket of that court. There FERC had approved as a rate schedule a transmission agreement between Appalachian and its affiliated companies which resulted in an increase in its expenses for wholesale interstate energy. The state regulatory agency, after first concluding that it lacked authority to approve or disapprove the agreement already approved by FERC authorized an increase in intrastate rates, but later reversed itself and issued an order which directed that Appalachian submit the agreement for state agency approval and set aside the rate increase previously approved until and unless Appalachian submitted the agreement for approval. The district court issued a preliminary injunction which restrained the state agency from enforcing its order insofar as it "(1) requires plaintiff ... to submit to the said Commission for its approval ... the Multi-State Transmission Agreement ...; and (2) denies [plaintiff] recovery subject to refund of ... costs to be incurred under that Agreement ... until after the said Commission has approved said Agreement and has found the costs resulting therefrom to be reasonable for inclusion in Appalachian Power Company's rates." The Fourth Circuit in an unpublished per curiam affirmed the grant of the preliminary injunction. Assuming that unpublished opinions have some precedential value, it is apparent that the state agency was attempting to exercise jurisdiction over wholesale interstate rates (the transmission

agreement) already approved by FERC—a clear interference with interstate commerce. That is not the situation before this court.

That LP&L is in serious financial difficulty is beyond dispute and the action of the Louisiana Public Service Commission in denying it any rate increase probably amounts to an unconstitutional deprivation of property. The Johnson Act, however, specifically withdraws from this court's jurisdiction any injunction predicated on such constitutional claims. Accordingly, this court lacks jurisdiction to take any action on those claims.

█ LP&L also asserts a separate money damage claim against the five members of the Public Service Commission in their individual capacities. It is clear that the action complained of taken by each member of the Public Service Commission was voting as a member of the commission, that is to say, in the discharge of his legislative duty as a rate-making official. Consequently, they enjoy absolute immunity from any such claim for money damages. *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency,* 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979). Accordingly, that claim must also be dismissed.

For the foregoing reasons, the motion to dismiss for lack of subject matter jurisdiction and the motion to dismiss the money damage claim because of absolute immunity are hereby GRANTED and this action will be dismissed.

As noted earlier, LP&L is not without recourse; the state courts are open and a plain, speedy and efficient remedy for the alleged wrongs may be had there.