PEOPLES NATIONAL UTILITY COMPANY, et al., Plaintiffs–Appellants,

v.

The CITY OF HOUSTON, a Texas Municipal Corporation, et al., Defendants–Appellees.

No. 87–2659.

United States Court of Appeals, Fifth Circuit.

Feb. 25, 1988.

Joe Alfred Izen, Jr., Bellaire, Tex., for plaintiffs-appellants.

Susan Tom Taylor, Kevin E. Mason, Asst. City Attys., F.J. Coleman, Jr., City Atty., Houston, Tex., for defendants-appellees.

Before TIMBERS,[*] CAROLYN DINEEN KING[**] and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Appellant Peoples National Utility Company appeals the dismissal of its suit filed under 42 U.S.C. § 1983 alleging that the City of Houston took Peoples' property by not providing rate relief. We are persuaded that the Johnson Act denies federal jurisdiction and affirm dismissal of the case.

I

Peoples National Utility Company was an intrastate water utility company subject to rate regulation by the City of Houston. In early January, 1980, a water well collapsed in Acres Home Subdivision in Houston. Peoples purchased water from Houston for the subdivisions serviced by the collapsed well. Peoples submitted various applications to Houston for an increase in the rate Peoples was charging its customers; these applications all were denied. Peoples later filed for bankruptcy and sold its water plants in Houston to the city to discharge the utility's debt to Houston.

Peoples filed suit under 42 U.S.C. § 1983 alleging that the City's failure to approve Peoples' rate requests denied Peoples' right to due process and resulted in an unconstitutional taking and confiscation of Peoples' property without just compensation. The district court dismissed for lack of subject matter jurisdiction and failure to state a claim on which relief could be granted.

II

Houston urges four separate grounds for affirming, but we discuss only one. The Johnson Act, 28 U.S.C. § 1342, deprives federal courts of jurisdiction over suits challenging state orders "affecting rates chargeable by a public utility."[1] The Act's intent "is to channel normal rate litigation into the state courts...."[2]

The Johnson Act denies federal jurisdiction when four criteria are met:

(1) Jurisdiction is based solely on diversity of citizenship or repugnance of the order to the Federal Constitution; and,

(2) The order does not interfere with interstate commerce; and,

(3) The order has been made after reasonable notice and hearing; and,

(4) A plain, speedy and efficient remedy may be had in the courts of such State.[3]

Peoples contends that Houston's actions are repugnant to the Constitution and there

---

[*] Circuit Judge of the Second Circuit, sitting by designation.

[**] Formerly Carolyn Dineen Randall.

1. § 1342. Rate orders of State agencies.
   The district courts shall not enjoin, suspend or restrain the operation of, or compliance with, any order affecting rates chargeable by a public utility and made by a State administrative agency or a ratemaking body of a State political subdivision, where:
   (1) Jurisdiction is based solely on diversity of citizenship or repugnance of the order to the Federal Constitution; and,
   (2) The order does not interfere with interstate commerce; and,
   (3) The order has been made after reasonable notice and hearing; and,
   (4) A plain, speedy and efficient remedy may be had in the courts of such State.
   28 U.S.C. § 1342.

2. Gulf Water Benefaction Co. v. Public Utility Commission of Texas, 674 F.2d 462, 468 (5th Cir.1982).

3. 28 U.S.C. § 1342.

is no suggestion that the second and third criteria were not met; thus, only the fourth criteria is at issue.

Texas provides Peoples with a "plain, speedy and efficient remedy" in its courts. The governing body of a municipality is allowed to set utility rates under the Public Utility Regulatory Act.[4] These rates are subject to judicial review under the Texas Administrative Procedure and Texas Register Act.[5] "[T]he Supreme Court of Texas ha[s] expressly held that the Legislature, in its enactment of TAPTRA, intended to substitute an adequate legal remedy for the equitable power of the court to review a rate order on the *constitutional ground of confiscation.*"[6]

Peoples responds that it no longer has an available state remedy because it lost standing to pursue state remedies when its Certificate of Necessity and Convenience was revoked. Perhaps this is true, but any such difficulty is not a failure of the state but Peoples' own doing, for Peoples chose not to appeal the allegedly insufficient rates set by Houston.

Peoples cannot circumvent the Johnson Act by refusing to pursue its state remedies. Under a similar statute preventing federal courts from interfering with the collection of state taxes when state courts provide a speedy and efficient remedy,[7] we have refused to entertain a suit when the plaintiff has failed timely to file his state suit:

> The existence of a remedy in the State court effectively ousts the federal court

of jurisdiction, and the initial suit filed by appellant was properly dismissed. The expiration of time in which the state suit might have been brought does not result in the destruction of the plain and simple remedy principle specified in the Johnson Act. To hold otherwise would allow any disgruntled taxpayer to simply wait until the statute of limitations had run in the state courts and then bring suit in the federal court.[8]

At one time Peoples had a speedy and efficient state remedy, and thus access to federal courts is precluded.

Peoples also argues that it need not pursue its administrative remedies before filing its § 1983 action, citing *Patsy v. Board of Regents.*[9] *Patsy,* however, addressed judicial, not congressional, imposition of an exhaustion requirement. As the Supreme Court made clear, "[T]he initial question whether exhaustion is required should be answered by reference to congressional intent."[10] The Johnson Act demonstrates Congress' intent that plaintiffs avail themselves of state remedies. Plaintiffs may not use § 1983 as an "end run" around the Johnson Act.[11]

Peoples also attempts to characterize its complaint as something other than an attack on the rates set by Houston, arguing that Houston never created a regulatory scheme accessible to it. Regardless of the utility's characterization of its claim, Peoples inevitably returns to the complaint that Houston failed to give rate relief. If Peoples was not satisfied with Houston's

---

**4.** Tex.Rev.Civ.Stat.Ann. art. 1446c (Vernon Supp.1987).

**5.** Tex.Rev.Civ.Stat.Ann. art. 6252–13a (Vernon Supp.1987).

**6.** *Gulf Water,* 674 F.2d at 467 (emphasis in original court opinion) (citing *Southwestern Bell Telephone Co. v. Public Utility Commission,* 571 S.W.2d 503, 510 (Tex.1978)).

**7.** § 1341. Taxes by States.
    The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.
    28 U.S.C. § 1341.

**8.** *Henry v. Metropolitan Dade County,* 329 F.2d 780, 781 (5th Cir.1964); *see also Stephens v. Portal Boat Co.,* 781 F.2d 481, 483 (finding that appellant's failure to comply with applicable Louisiana procedures precluded federal courts from hearing the case under § 1341).

**9.** 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982).

**10.** *Id.* at 501, 102 S.Ct. at 2560.

**11.** *Louisiana Power & Light Co. v. Ackel,* 616 F.Supp. 445, 447 (M.D.La.1985); *see also Miller v. NYS Public Service Commission,* 807 F.2d 28, 31 (2d Cir.1986) (deciding that the Johnson Act barred an award of compensatory damages under § 1983).

action, state review was available, including an appeal to the state utility commission and in turn to the state courts. Peoples did not follow this course. The Johnson Act denies federal jurisdiction.

AFFIRMED.